**Robert T. EATON, doing business as Eaton Construction, Plaintiff-Appellant,**

v.

**NATIONAL STEEL PRODUCTS COMPANY, a Texas Corporation, formerly Stran-Steel Corporation, Defendant-Appellee.**

Nos. 77–2613, 77–3286.

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1980.

As Amended Feb. 4, 1980.

William B. Morse, Absarokee, Mont., for plaintiff-appellant.

James C. Capser, argued, Franklin Longan, Billings, Mont., for defendant-appellee.

Before KENNEDY and ANDERSON, Circuit Judges, and CLAIBORNE,* District Judge.

PER CURIAM:

After the jury returned its verdict, the district court, on timely motion of the defendant, ordered a new trial on grounds that the verdict was excessive, with the condition that if plaintiff accepted a remittitur, judgment for the verdict less the remittitur would be entered. The plaintiff declined the remittitur and attempts to appeal to this court. Plaintiff also attempts to appeal a directed verdict entered against him on an antitrust claim.

An order granting a new trial, which may or may not be accompanied by a provision for remittitur, is an interlocutory order not appealable as a final judgment. *Evans v. Calmar Steamship Co.*, 534 F.2d 519, 522 (2d Cir. 1976); *DePinto v. Provident Security Life Insurance Co.*, 323 F.2d 826, 838 (9th Cir. 1963), *cert. denied*, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964); *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 254, 61 S.Ct. 189, 85 L.Ed. 147 (1940); C. Wright & A. Miller, Federal Practice and Procedure § 2818, at 116 (1973); J. Moore, Federal Practice ¶ 59.15[1] (1979). Though an exception to this rule has been recognized when the district court grants a new trial when it has no jurisdiction to do so, *see, e. g., Stradley v. Cortez*, 518 F.2d 488 (3d Cir. 1975); *Peterman v. Chicago, Rock Island and Pacific Railroad Co.*, 493 F.2d 88 (9th Cir.), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974); C. Wright & A. Miller, Federal Practice and Procedure § 2818 at 114, this exception is not applicable here since defendant's motion was timely filed under Fed.R.Civ.P. 59. Accordingly, we have no jurisdiction to hear the claim under 28 U.S.C. § 1291. We also lack jurisdiction under 28 U.S.C. § 1292 as none of the conditions for the appeal of an interlocutory decision have been satisfied in this case.

Plaintiff now acknowledges that the proper certification pursuant to rule 54(b) which would allow appeal of the directed verdict on the antitrust claim was not obtained. It is unlikely that certification would be granted on these facts because adequate cause has not been shown which would warrant an exception to the long-standing policy against piecemeal appeals. *See, e. g., Huey v. Teledyne, Inc.*, 608 F.2d 1234 (9th Cir. 1979).

Accordingly, the appeal is hereby dismissed without prejudice to such matters as may be properly appealable following entry of final judgment in this case.