**JONES & GUERRERO CO., INC.,**
**Plaintiff-Appellee,**

v.

**SEALIFT PACIFIC, a corporation,**
**Defendant-Appellant.**

**No. 79–4803.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 28, 1981.

Decided July 13, 1981.

---

William J. Blair, Klemm, Dear & Lawrence, Agana, Guam, on brief; Alan E. Dear, Agana, Guam, argued, for defendant-appellant.

Howard Trapp, Trapp, Gayle, Teker, Lacy, Moore & Layne, Agana, Guam, for plaintiff-appellee.

Before KILKENNY, SNEED, and FARRIS, Circuit Judges.

PER CURIAM:

Sealift Pacific appeals the district court's order setting aside its previous order of dismissal and remanding the case to the Superior Court of Guam. We dismiss the appeal.

Jones & Guerrero brought this action on a promissory note against Sealift in the Superior Court of Guam. Sealift removed the action to the District Court of Guam on the basis of diversity of citizenship. The district court dismissed the removal petition, holding that it had no diversity jurisdiction. In *Jones & Guerrero Co. v. Sealift Pacific*, 554 F.2d 984 (9th Cir. 1977) (2–1 decision), we reversed. This reversal was based on the companion case *Mailloux v. Mailloux*, 554 F.2d 976 (9th Cir. 1977) (2–1 decision), in which we held that the District Court of Guam had original jurisdiction in diversity cases.

The Supreme Court reversed *Mailloux* in *Chase Manhattan Bank v. South Acres Development Co.*, 434 U.S. 236, 98 S.Ct. 544, 54 L.Ed.2d 501 (1978) (per curiam), holding that the District Court of Guam has no diversity jurisdiction. Upon receiving the Supreme Court's *Chase Manhattan* mandate, the district court entered a blanket order in June 1978, dismissing twenty-two diversity cases, including twenty-one original jurisdiction cases and this removed case. More than a year later, Jones & Guerrero filed a motion in the district court to have the papers transferred to the superior court. The district court responded by setting aside its previous dismissal of this case, remanding the case, and ordering all documents returned to the superior court. Sealift filed a timely notice of appeal.

## I. VACATION OF DISMISSAL

Ordinarily, an order vacating a previous order of dismissal is not a "final decision" appealable under 28 U.S.C. § 1291 (1976). *Resnick v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961) (Rule 60(b) order). An exception to this general rule has been recognized to allow an appeal when the district court is without jurisdiction to enter the order. *See Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 543 n.5 (2d Cir. 1963); *cf. Eaton v. National Steel*

*Products Co.,* 624 F.2d 863, 864 (9th Cir. 1980) (new trial order, dictum); *DePinto v. Provident Security Life Insurance Co.,* 323 F.2d 826, 838 & n.30 (9th Cir. 1963) (same), *cert. denied,* 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964); *Gilliland v. Lyons,* 278 F.2d 56, 58–59 (9th Cir. 1960) (same). We must therefore dismiss Sealift's appeal from the district court's order of dismissal unless the district court acted without jurisdiction.

■ Sealift contends that the district court could not relieve Jones & Guerrero from judgment because Federal Rule of Civil Procedure 60(b) allows correction of "mistake, inadvertence, surprise, or excusable neglect" only for a period of one year. We reject the contention. This matter is governed by Rule 60(a), which has no time limit:

> Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders....

Rule 60(a) allows correction of clerical mistakes, even those not committed by the clerk. *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir. 1968) (Blackmun, J.). The rule may be used to make an order reflect the actual intentions of the court, plus necessary implications. *Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1236–37 (9th Cir. 1979); *see United States ex rel. Mississippi Road Supply Co. v. H. R. Morgan, Inc.,* 542 F.2d 262, 269 (5th Cir. 1976) (allowing correction of mathematical error by jury), *cert. denied,* 434 U.S. 828, 98 S.Ct. 106, 54 L.Ed.2d 86 (1977); *Fluoro Electric Corp. v. Branford Associates,* 489 F.2d 320, 323–26 (2d Cir. 1973) (correction of defendant's name). *Cf. Lee v. Joseph E. Seagram & Sons, Inc.,* 592 F.2d 39, 41–44 (2d Cir. 1979) (refusing to allow correction of nonclerical error by jury omitting pre-judgment interest, but allowing addition of post-judgment interest because omission of such interest was merely "ministerial" error).

■ At the time of entering the challenged order, the district judge stated:

> What the court had intended to dismiss as far as actions are concerned are those cases which were ordinarily filed in this court under Section 1332. With regard to those cases which were removed to this court, it was never the intent of this court to dismiss the action but to dismiss the petition.

> So the inclusion of Civil 75–0033 in the order rendered by this court on June 26, 1978, was an error.

In correcting the blanket order the district judge acted within his jurisdiction. The appeal is dismissed with respect to the vacation order.

## II. REMAND

■ Sealift Pacific also attempts to appeal from the remand order. Sealift argues that the bar to review of remand orders, 28 U.S.C. § 1341 (1976), can be avoided by resort to the doctrine of *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). *See In re Carter,* 618 F.2d 1093, 1097 (5th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). Sealift fails to recognize, however, that, even if the *Thermtron* doctrine applies here, it allows review only by mandamus. 423 U.S., at 352–53, 96 S.Ct., at 593–94. The procedural requirements for mandamus have not been met here. *See* Fed.R.App.P. 21(a). We refuse to construe the appeal as a petition for mandamus.

Appeal dismissed.