799 F.2d 532
 5 Fed.R.Serv.3d 1286
 In re Harvard M. JEE, Debtor.
KOREA EXCHANGE BANK, Plaintiff,
v.
The HANIL BANK, LIMITED, Defendant/Cross-Defendant/Appellee,
v.
Carlyle MICHELMAN, Interim Trustee, Cross-Claimant/Appellant.
 No. 85-5750.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 5, 1986.
Decided Sept. 9, 1986.
 
 M. David Minnick, Marilyn S. Pecsok, Lillick, McHose & Charles, Los Angeles, Cal., for defendant/cross-defendant/appellee.
 Curtis B. Danning, Richard K. Diamond, Danning, Gill, Gould, Joseph & Diamond, Los Angeles, Cal., for cross-claimant/appellant.
 Appeal from the United States District Court for the Central District of California.
 Before FLETCHER, FERGUSON and NELSON, Circuit Judges.
 NELSON, Circuit Judge:
 
 
 1
 Carlyle Michelman, Harvard Jee's trustee in bankruptcy, appeals the district court's reversal of a bankruptcy court's decision. The bankruptcy court had held that its dismissal of Michelman's cross-complaint, which was silent as to its prejudicial effect, was intended to be without prejudice, and amended that dismissal under Rule 60(a) of the Federal Rules of Civil Procedure accordingly.[1] The district court held that the dismissal was not intended to be without prejudice, and denied Rule 60(a) relief. We have jurisdiction under 28 U.S.C. Sec. 158(d) (1982), and we reverse.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 On August 14, 1981, a creditor of Harvard Jee instituted an involuntary bankruptcy proceeding against Jee. Appellant Carlyle Michelman was appointed trustee in the case.
 
 
 3
 Prior to the bankruptcy proceedings, Jee had pledged stock to appellee Hanil Bank, Limited, as collateral for a loan. On September 20, 1981, Hanil Bank filed a complaint for release from an automatic bankruptcy stay so that it could hold a foreclosure sale of this stock. Michelman failed to appear at an October 8 hearing regarding this complaint, and on October 28, 1981, the bankruptcy court granted relief to Hanil Bank. On December 10, 1981, the bankruptcy court denied Michelman's motion for a new trial and order vacating the relief from the stay. Michelman did not appeal these rulings.
 
 
 4
 Meanwhile, on October 1, 1981, the Korea Exchange Bank ("KEB"), another of Jee's creditors, had filed suit to enjoin the foreclosure sale, arguing that the pledge of stock to Hanil Bank was a fraudulent transfer. KEB later joined Michelman as a defendant in the suit. On November 2, four days after the bankruptcy court granted Hanil Bank relief from the stay, KEB dismissed its claims.
 
 
 5
 Michelman, however, had filed a cross-complaint on October 29 (the day after Hanil was granted relief from the stay) also seeking to enjoin the foreclosure sale and to recover the fraudulently transferred stock. On November 25, the bankruptcy court ordered the parties to prepare and file a joint pretrial order, and reset the trial on the cross-complaint for February 4, 1982.
 
 
 6
 On February 4, however, Michelman failed to appear at trial. Neither had he helped prepare a joint pre-trial order. Accordingly, the bankruptcy court ordered that the cross-complaint be dismissed, and told Hanil Bank's counsel to prepare an appropriate order. The dismissal order prepared by Hanil Bank stated:
 
 
 7
 No Joint Pre-Trial Order having been filed with the Court as ordered, and no appearance having been made by the Cross-claimant at trial.
 
 
 8
 IT IS HEREBY ORDERED AND ADJUDGED that the Cross-claim in this matter is dismissed pursuant to Local Rule 28(b) and Bankruptcy Rule 905(d)(3).
 
 
 9
 Michelman was served with a copy of this order on February 5, and judgment was entered on February 18, 1982.
 
 
 10
 On December 21, 1982, Michelman filed a motion for an order clarifying and specifying that the dismissal was without prejudice, or, in the alternative, for an order vacating the judgment of dismissal.[2] A few days after a hearing on this motion, bankruptcy judge Robert Ordin, who had presided over all previous aspects of the case, verbally stated that he would deny this motion. Before entry of this decision, Michelman moved to reopen the hearing, urging the judge to reconsider his intent regarding the dismissal. Thereafter, on March 4, 1983, the judge wrote counsel that he would grant the motion. Hanil Bank moved for reconsideration. Judge Ordin then retired, and a second bankruptcy judge granted the motion to clarify. In an order entered March 27, 1984,[3] the second bankruptcy judge stated that "[t]he dismissal of the Cross-Complaint entered herein on February 18, 1982 was then and always since has been a dismissal without prejudice," and that "the dismissal ... is hereby clarified so that it may be expressly understood to have been and be a dismissal without prejudice and so that it may thereby clearly reflect the Court's ruling."
 
 
 11
 Hanil Bank appealed this order to the district court, which reversed the decision in a judgment entered March 7, 1985. The district court held that the dismissal clearly was intended to be on the merits.
 
 
 12
 The trustee then filed this timely appeal on April 5, 1985.
 
 STANDARD OF REVIEW
 
 13
 Because we are in as good a position as the district court to review the findings of the bankruptcy judge, we review the district court's decision de novo.[4] In re Center Wholesale, Inc., 759 F.2d 1440, 1445 (9th Cir.1985). Accordingly, "we apply the clearly erroneous standard to the bankruptcy court's findings of fact. Conclusions of law are subject to de novo review." In Re Mellor, 734 F.2d 1396, 1399 (9th Cir.1984) (citations omitted).
 
 DISCUSSION
 
 14
 Rule 60(a) of the Federal Rules of Civil Procedure provides in part:
 
 
 15
 Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
 
 
 16
 The bankruptcy court amended the order of dismissal under this Rule.
 
 
 17
 A judge may use Rule 60(a) "to make an order reflect the actual intentions of the court, plus necessary implications." Jones & Guerrero Co. v. Sealift Pacific, 650 F.2d 1072, 1074 (9th Cir.1981). Errors correctable under Rule 60(a) include those where what is spoken, written or recorded is not what the court intended to speak, write or record. Waggoner v. R. McGray, Inc, 743 F.2d 643, 644 (9th Cir.1984). A court may correct errors of this type even when not committed by the clerk; "it matters not whether the magistrate committed it--as by mistakenly drafting his own judgment--or whether his clerk did so...." Dura-Wood Treating Co. v. Century Forest Industries, 694 F.2d 112, 114 (5th Cir.1982); see also Jones & Guerrero, 650 F.2d at 1074 (rule allows correction of clerical mistakes not made by clerk). Thus, under Rule 60(a), a court has "very wide latitude in correcting clerical mistakes in a judgment." Woodworkers Tool Works v. Byrne, 191 F.2d 667, 676 (9th Cir.1951).
 
 
 18
 The bankruptcy court's finding that Judge Ordin originally intended to dismiss Michelman's cross-complaint without prejudice is not clearly erroneous. At the hearing of February 4, 1982, Judge Ordin ordered the case dismissed only after Hanil Bank's attorney told Judge Ordin that Hanil Bank "would not oppose a continuance ... or a voluntary dismissal, coupled with the restitution, institution of a new lawsuit which might be in a difficult [sic] procedural setting." In addition, Judge Ordin stated that he assumed that Michelman's failure to appear or file a pre-trial order was due to "some explanation, I don't know about." These circumstances support the finding that Judge Ordin fully expected Michelman to refile a new suit after the dismissal, and intended the dismissal to be without prejudice. See Dura-Wood 694 F.2d at 114 (rule applies where record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another).
 
 
 19
 Furthermore, in connection with Michelman's motion for an order specifying that the dismissal was without prejudice, Judge Ordin explicitly stated in court that he originally had intended to dismiss the cross-complaint without prejudice. In the past, we have relied upon a judge's own subsequent statements of his intent in granting relief under Rule 60(a). See Jones & Guerrero, 650 F.2d at 1074. Judge Ordin's own recollections, combined with the circumstances surrounding the decision to dismiss, support the finding that Judge Ordin originally intended the dismissal to be without prejudice. Thus, we cannot say that the bankruptcy court's decision is clearly erroneous.
 
 
 20
 Accordingly, the district court's judgment is REVERSED.
 
 
 
 [1]
 Rule 60(a) applies to adversarial bankruptcy proceedings through Bankruptcy Rule 9024
 
 
 [2]
 The judgment of dismissal is silent as to its prejudicial effect, and cites two rules which also are silent as to prejudicial effect. However, Rule 41(b) of the Federal Rules of Civil Procedure, which applies in bankruptcy through Bankruptcy Rule 7041, provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits." Thus, the original, unamended dismissal in the present case is considered to be with prejudice. Huey v. Teledyne, Inc., 608 F.2d 1234, 1237 (9th Cir.1979), cert. denied, 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982); Safeway Stores v. Fannan, 308 F.2d 94, 96 (9th Cir.1962)
 
 
 [3]
 An order was entered on January 23, 1984, but was vacated because Hanil Bank did not receive notice
 
 
 [4]
 Because we review the district court's decision de novo, we do not address the argument that the district court, in reviewing the bankruptcy court's decision de novo, applied the wrong standard of review. We note, however, that the district court stated that its conclusion would have been the same under the clearly erroneous standard