**Elizabeth B. BLANTON, individually and as Executor of the Estate of John Blanton, Plaintiff-Appellant,**

v.

**Joseph T. ANZALONE, Donald F. Slebir, individually and as Trustees of the Harbor Medical Group, Inc. Profit Sharing Plan, and Harbor Medical Group, Inc., Defendants-Appellees.**

No. 86–1542.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1987.

Decided April 9, 1987.

Bernard S. Greenfield, San Jose, Cal., for plaintiff-appellant.

M. Fred Rose and Samuel Kornhauser, San Francisco, Cal., for defendants-appellees.

Before CHOY, Senior Circuit Judge, and PREGERSON and CANBY, Circuit Judges.

CHOY, Senior Circuit Judge:

This case involves the calculation of prejudgment interest for two civil money awards granted by the district court. Elizabeth Blanton appeals the district court's order which: 1) denied Blanton's motion to recalculate the prejudgment interest on Blanton's "ERISA Award," and 2) granted a motion by the defendants (hereinafter referred to as "Anzalone") to delete an award of prejudgment interest on Blanton's "Redemption Award" from an earlier judgment by the district court.

## ANALYSIS

### I. *Prejudgment Interest on ERISA Award*

#### A. *Background*

In a claim filed under ERISA, 29 U.S.C. § 1001 et seq., Blanton argued, inter alia, that Anzalone breached his fiduciary duty by undercharging for the rental of a medical building. In January 1984, the district court made an award to Blanton (the "ERISA Award") based on the difference between the fair rental value of the property and the actual rental. In addition, Blanton was awarded prejudgment interest at the rate of seven percent per annum.

Anzalone filed an appeal, and Blanton filed a counterappeal which, inter alia, alleged that the rate of interest awarded by the district court was too low. This court affirmed the judgment in all respects, except for the interest determination. *Blanton v. Anzalone*, 760 F.2d 989 (9th Cir. 1985). We noted that 28 U.S.C. § 1961, as amended, sets the postjudgment rate of interest for civil money judgments in federal court at the rate paid on 52–week U.S. Treasury bills. *Id.* at 992. We then stated that this rate applies to prejudgment interest unless the trial judge finds, on substantial evidence, that a different rate is appropriate. *Id.* at 993. Thus, we vacated the district court's prejudgment interest award and instructed the district court to award the Treasury bill rate unless it found that "the equities of the case require[d] a different rate." *Id.* On remand, the district court retained the seven percent interest award. It did not explain why it had declined to award Blanton the higher Treasury bill rate.

Blanton appeals this decision.

**1576**

### B. *Discussion*

 We review the district court's calculation of prejudgment interest for abuse of discretion. *See Columbia Brick Works, Inc. v. Royal Insurance Company of America,* 768 F.2d 1066, 1068 (9th Cir. 1985). However, substantial evidence must support the district court's decision to depart from the Treasury bill rate. *Western Pacific Fisheries, Inc. v. SS President Grant,* 730 F.2d 1280, 1289 (9th Cir.1984). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1014 (9th Cir.1985) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)), *cert. denied,* — U.S. ——, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986).

 Here, the district court denied Blanton's motion to apply the Treasury bill rate to Blanton's prejudgment interest award without making a finding as to the equities which justified departing from the Treasury bill rate. The court's failure to heed our instruction to apply the Treasury bill rate unless the equities demanded otherwise was an abuse of discretion. *Cf. Vance v. American Hawaii Cruises, Inc.,* 789 F.2d 790, 795 (9th Cir.1986) (district court's failure to explain why prejudgment interest was denied was abuse of discretion); *Edinburgh Assurance Co. v. R.L. Burns Corp.,* 669 F.2d 1259, 1263 (9th Cir. 1982) (same). Strictly speaking, *Vance* and *Edinburgh* apply only to a district court's determination not to grant prejudgment interest. However, because this circuit has a strong policy in favor of the Treasury bill rate, *see Western Pacific Fisheries,* 730 F.2d at 1288–89, any departure from it must be accompanied by a reasoned justification.

We therefore VACATE the district court's decision to retain the seven percent prejudgment interest rate and REMAND with instruction to the district court to: 1) calculate the applicable rate of interest paid on 52–week Treasury bills, *see* 28 U.S.C. § 1961, and 2) use that rate for the prejudgment interest on Blanton's ERISA Award.

### II. *Prejudgment Interest on Redemption Award*

### A. *Background*

Blanton's second award (the "Redemption Award") involved a determination of the amount owed to Blanton on a stock redemption agreement made between her late husband and Anzalone. In January 1984, the district court issued a judgment stating that Blanton's Redemption Award consisted of "$96,699.01 with interest thereon at 7% per annum from September 8, 1980 to date of entry of judgment." However, in setting forth the installment payments by which Anzalone would satisfy the judgment, the district court did not include the prejudgment interest.

Blanton subsequently filed a motion requesting the district court to amend its judgment to include the prejudgment interest in the installment payments. On January 7, 1985, the district court denied the motion, stating that "[t]here was not, nor shall there be any award of prejudgment interest."

Blanton moved for reconsideration. On March 15, 1985, the district court denied the motion, stating that it never intended to grant prejudgment interest. The court elaborated that "prejudgment interest was not requested at [trial] ... and the court at no time considered it."

The orders of January 7, 1985, and March 15, 1985, were then vacated by this court for reasons not relevant here. After Anzalone petitioned for rehearing, we amended our order to state that "[i]f any element of the original judgment was included or omitted by reason of clerical error, the district court may correct such error pursuant to Fed.R.Civ.P. 60(a)."

The district court subsequently granted Anzalone's Rule 60(a) motion to delete the prejudgment interest award from the original judgment. The court explained that it had "repeatedly stated that it never intended to award prejudgment interest on the

stock agreement and the allowance for such interest was an oversight."

Blanton appeals this determination.

### B. *Discussion*

 The standard of review for Blanton's Rule 60(a) claim is abuse of discretion. *See L.Z. v. Parrish,* 733 F.2d 585, 588 (8th Cir.1984). A district court has very wide latitude in correcting clerical mistakes in a judgment. *In re Jee,* 799 F.2d 532, 535 (9th Cir.1986).

 In deciding whether a trial court may alter a judgment pursuant to Fed.R. Civ.P. 60(a),[1] our circuit focuses on what the court *originally intended* to do. *See, e.g., In re Jee,* 799 F.2d at 535; *Waggoner v. R. McGray, Inc.,* 743 F.2d 643, 644–45 (9th Cir.1984); *Jones & Guerrero Co. v. Sealift Pacific,* 650 F.2d 1072, 1074 (9th Cir.1981). A judge may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court, plus the necessary implications. *See Jones & Guerrero,* 650 F.2d at 1074. Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record.[2] *In re Jee,* 799 F.2d at 535. The error can be corrected whether it is made by a clerk or by the judge. *See id.*

Blanton's contention that the correction at issue here could not be made pursuant to Rule 60(a) is without merit. The district court repeatedly stated that the court never *intended* to award prejudgment interest to Blanton. There is no reason to doubt these statements. Blanton's pleadings do not contain a request for prejudgment interest; the district court specifically stated that only claims alleged in the pleadings would be decided.

 Because the district court never intended to award prejudgment interest to Blanton on the Redemption Award, we AFFIRM its decision to delete the interest award from its judgment pursuant to Rule 60(a).

### CONCLUSION

The district court's decision not to apply the 52–week Treasury bill rate to the prejudgment interest on Blanton's ERISA Award is VACATED and REMANDED. The district court's decision to delete its award of prejudgment interest from Blanton's Redemption Award is AFFIRMED. The parties shall bear their own costs on this appeal.

1. Rule 60(a) provides in part:
**Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

2. The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination. *See United States v. Griffin,* 782 F.2d 1393, 1397 (7th Cir.1986).