95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale BARBER, Guardian Ad Litem for Candace Crytzer, Blaize
Barber, Chandra Barber, Alissa Alexander, minors,
Plaintiffs-Appellants,
v.
CINCINNATI BENGALS, INC., a foreign corporation; Lewis
Billups; James Brooks; Carl Carter; J. Francis; Mitch
Price; Reggie Rembert; David Fulcher; Edward L. Brown;
Bernard Clark; Elbert "Ickey" Woods; Craig Ogletree;
Harold Green; Stanford Jennings; Eric Thomas,
Defendants-Appellees.
VICTORIA C., Plaintiff-Appellant,
v.
CINCINNATI BENGALS, INC., a foreign corporation; Edward L.
Brown; Bernard Clark; Carl Carter; Reggie
Rembert; Stanford Jennings; Eric
Thomas; Harold Green; James
Francis, Defendants-Appellees.
 No. 95-35411, 95-35416.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Aug. 20, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victoria Crytzer sued the Cincinnati Bengals, Inc. and several members of the team (collectively "Bengals" or "Defendants"), alleging that she had been raped by members of the football team. Crytzer appeals Judge McGovern's nunc pro tunc order dismissing her claims pursuant to Federal Rule of Civil Procedure 60(a). In a consolidated appeal, Dale Barber, as guardian ad litem for Victoria Crytzer's four minor children, appeals Judge Dimmick's dismissal of the children's action for loss of parental consortium. We have jurisdiction, and we affirm.
 
 FACTS
 
 3
 Crytzer signed a release of all her claims against the Bengals. Crytzer later filed an action against the Bengals for damages for personal injuries and for rescission of the release. On April 9, 1993, a jury returned a verdict in favor of the Bengals on Crytzer's claim of rescission. Judge McGovern entered judgment on the rescission claim, but no judgment was entered disposing of Crytzer's other claims.
 
 
 4
 Barber filed an action against the Bengals on May 10, 1993 for loss of parental consortium based on the same claims covered by Crytzer's release. Judge Dimmick dismissed the claims because Washington law requires minor children's claims of loss of parental consortium to be joined with the parent's action when feasible. The court found that Barber failed to show that joinder with Crytzer's action was not feasible.
 
 
 5
 In Barber v. Cincinnati Bengals, Inc., 41 F.3d 553 (9th Cir.1994), we reversed the dismissal of Barber's claims and remanded for the district court to "determine whether joinder or consolidation of this matter with Crytzer's personal injury claims is feasible since that matter is still pending." Id. at 558. In a separate memorandum disposition, we affirmed the jury verdict on Crytzer's rescission claim. Victoria C. v. Cincinnati Bengals, Inc., No. 93-35595, 1994 WL 727752 (9th Cir. Dec. 5, 1994).
 
 ANALYSIS
 
 6
 * On January 18, 1995, Judge McGovern sua sponte directed the clerk to enter judgment nunc pro tunc dismissing all of Crytzer's claims as of April 15, 1993, the date final judgment was entered on the rescission claim. We review an order pursuant to Fed.R.Civ.P. 60(a) for an abuse of discretion. Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir.1987).
 
 
 7
 * Rule 60(a) states that the court may, on its own initiative, correct "[c]lerical mistakes" in judgments. The district court "has very wide latitude" to correct clerical errors pursuant to Rule 60(a). Id. "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind...." Id. at 1577 n. 2.
 
 
 8
 Plaintiffs argue that the error in this case was not a clerical error but was an error "of a more substantial nature ... to be corrected by a motion under Rule 59(e) or 60(b)." According to Plaintiffs, the district court erred in using Rule 60(a) because the order "significantly affected substantive rights of both Ms. Crytzer and her children." Plaintiffs misconstrue the word "substantive" as it is used to determine whether Rule 60(a) or another Rule applies. Whether an error is "substantive" for purposes of prohibiting Rule 60(a) relief does not refer to the importance of the issue; rather, a substantive error, which cannot be corrected by Rule 60(a), is one in which the court does not merely correct the record to indicate its original intent, but has "a substantive change of mind." See, e.g., Waggoner v. R. McGray, Inc., 743 F.2d 643, 644-45 (9th Cir.1984) (per curiam) (stating that a Rule 60(a) error arises whenever "the thing spoken, written or recorded is not what the person intended to speak, write or record," while a Rule 60(b) motion is proper to correct errors of law); Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983) (Rule 59(e) applies when the court has a "substantive change of mind," in contrast to Rule 60(a) motions to correct "a court's failure to memorialize part of its decision"). In addition, we have implicitly recognized that Rule 60(a) is a proper vehicle for correcting a final judgment order to reflect the intention of the court that all claims be dismissed. See Crosby v. Pacific S.S. Lines, Ltd., 133 F.2d 470, 473-74 (9th Cir.), cert. denied, 319 U.S. 752 (1943).
 
 
 9
 In this case, Judge McGovern stated that his original intent "was to enter judgment fully dismissing plaintiff's cause of action." He explained that entry of judgment on less than all of the claims, pursuant to Fed.R.Civ.P. 54(b), "was necessary only because defendants' counterclaims remained." The court's explanation is consistent with the record, as the court had earlier stated that the jury verdict on the rescission claim had the effect of "precluding Plaintiff's pursuit of other claims." Because the court was correcting an error in execution rather than changing its mind, Rule 60(a) applies.
 
 B
 
 10
 Plaintiffs argue that the Rule 60(a) order violated the law of the case and our mandate in Barber and Victoria C..
 
 
 11
 The law of the case doctrine states that courts may not reexamine issues previously decided by the same court or a higher court in the same case. Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990). The doctrine only applies to issues which have been "decided explicitly or by necessary implication in the previous disposition." Id. (citation and internal quotation marks omitted).
 
 
 12
 In this case, we held that judgment had not been entered dismissing Crytzer's claims. The district court's order correcting the absence of a judgment did not violate the law of the case as the court did not reexamine our holding but merely corrected an error that we pointed out.
 
 
 13
 The rule of mandate is broader than the law of the case doctrine. United States v. Cote, 51 F.3d 178, 181 (9th Cir.1995). The rule of mandate states that a district court may not deviate from the mandate of the appellate court. "While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." Nguyen v. United States, 792 F.2d 1500, 1502 (9th Cir.1986) (citation and internal quotation marks omitted). In the present case, although we noted that final judgment had not yet been entered on Crytzer's personal injury claims, Judge McGovern was free to consider those claims on remand. We expressed no opinion as to why judgment was not entered on these claims, and did not state whether they could be dismissed.
 
 
 14
 Crytzer argues that she was denied an opportunity to appeal the merits of the dismissal of her personal injury claims because a Rule 60(a) order is appealable only for an abuse of discretion, and does not reopen the merits of the case. Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir.1993), cert. denied, 115 S.Ct. 68 (1994). Once the rescission claim was affirmed, however, all of Crytzer's personal injury claims necessarily failed. Both parties and the district court believed that final judgment had been entered in Crytzer's case on all claims before she appealed the rescission claim, and the court was correcting a mere clerical error. The district court did not abuse its discretion in applying Rule 60(a).
 
 II
 
 15
 Plaintiffs argue that Judge McGovern erred in dismissing Crytzer's motion for consolidation. We review for an abuse of discretion the district court's denial of a motion for consolidation pursuant to Fed.R.Civ.P. 42(a). See Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir.1989) (stating that district court has broad discretion to grant consolidation).
 
 
 16
 Judge McGovern found that consolidation was "not advisable" because the only claims remaining in Crytzer's case were counterclaims from a few unrepresented defendants. Most of the defendants had voluntarily dismissed their claims, and the court was issuing a show cause order regarding the other defendants' claims. The court was well within its discretion to deny the motion for consolidation.
 
 
 17
 Crytzer incorrectly argues that the district court's refusal to consolidate the cases violated the mandate of this court; Victoria C. did not even reference Barber's claims, much less require the district court to consolidate those claims with Crytzer's. The court also did not violate the law of the case. In Barber, we specifically stated that we were "express[ing] no view as to whether joinder is still feasible under these circumstances." 41 F.3d at 558.
 
 III
 
 18
 Plaintiffs argue that Judge Dimmick improperly dismissed Barber's claims. We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Barber, 41 F.3d at 556.
 
 
 19
 Washington law states that a child's action for loss of parental consortium must be joined with the underlying claim "unless the child can show why joinder was not feasible." Ueland v. Pengo Hydra-Pull Corp., 691 P.2d 190, 195 (Wash.1984). Relying on Judge McGovern's order dismissing the remainder of Crytzer's claims, Judge Dimmick found that "even if joinder is feasible, there are no claims with which to be joined." She also found that joinder had been feasible before Crytzer's claims were dismissed.
 
 
 20
 Plaintiffs claim that it was not feasible for Barber to join Crytzer's action because before Crytzer filed suit she had already signed a release of her claims. This argument might have merit if Crytzer had never filed suit for rescission of the release; here, however, Crytzer filed an action for personal injury with her rescission claim. Barber failed to show that it was not feasible to join that action.[1]
 
 
 21
 Barber also argues that Judge Dimmick violated our mandate in Barber when she failed to consider whether joinder was possible. The mandate, however, was premised on the assumption that Crytzer's remaining personal injury claims had not been dismissed. Barber, 41 F.3d at 556, 557.
 
 IV
 
 22
 Finally, Plaintiffs contend that the combined rulings by Judge McGovern and Judge Dimmick have denied them of a constitutional right to judicial access to the courts, citing Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705-06 (9th Cir.1992). Plaintiffs have not shown any violation of their right to "pass through the courthouse doors and present [their] claim[s] for judicial determination." Id. at 706.
 
 V
 
 23
 Because Plaintiffs have not prevailed on the merits of their case, we deny their request for attorneys' fees and costs.
 
 CONCLUSION
 
 24
 Both appeals are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Plaintiffs also appear to argue that when Crytzer's underlying claim was dismissed, Barber's action should have been allowed to continue because joinder with Crytzer's was no longer feasible. This argument ignores the holding of Ueland, which states that "A child may not bring a separate consortium claim unless he or she can show why joinder with the parent's underlying claim was not feasible." Id. at 194 (emphasis added). The whole purpose of the Ueland rule was to prohibit multiple suits; the purpose would be circumvented if the rule were, as Plaintiffs' claim, that once the mother's suit is dismissed the child can sue