Kenneth W. GUENTHER; Marva Guenther, Plaintiffs—Appellants,

v.

UNITED STATES of America, Defendant—Appellee.

No. 01–35260.
D.C. No. CV–94–00721–JAR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 5, 2002.

Before GOODWIN, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM*

We affirm the district court's clarified judgment, reverse the court's jurisdictional ruling on the motion to vacate, and deny the motion.

### I. The Clarified Judgment

Rule 60(a) authorizes a district court to correct a judgment if doing so reflects the court's original intentions.[1] In determining what the court originally intended, we may look to the circumstances surrounding the original judgment[2] and also to the court's subsequent statements of its original intent,[3] providing the record gives no reason to doubt such statements.[4]

■ The jury found for the Government on all the questions on the special verdict form. The original judgment acknowledged that the jury had found for the Government, and the district court had stated that it would enter judgment on that verdict. In denying the motion to amend, the court again stated that the jury had found for the Government and referred to the money "to which the United States was entitled." The court relied on its authority to make corrections to reflect its "actual intentions" when the court clarified the original judgment. Similarly, the court expressly rejected the notion that the original judgment dismissed the Government's suit against the Guenthers. In sum, there can be little doubt that the district court originally intended to enter judgment in favor of the Government.

Guenther's reliance on the district court's denial of the Government's motion to amend is misplaced. The court only rejected the Government's argument that the original judgment had not been a final order. In addition, the court made reference to the money to which the Government was "entitled by virtue of [the] verdict." Thus, the court did not address the issue of which party had prevailed under the original judgment, but it obviously assumed the Government had.

Finally, Guenther begs the question in arguing that the legal meaning of the term "dismissed" settles the matter. In a Rule 60(a) inquiry, the question is what the court originally intended. Therefore, the meaning of the word "dismissed" controls only if the court originally intended to dismiss the case. Guenther's argument overlooks this pivotal question in directing our attention to the definition of "dismissed."

### II. The Motion To Vacate

The district court had jurisdiction to consider Guenther's motion to vacate, because he filed it pursuant to Rules 59 and 60, seven days after the district court en-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033 (9th Cir.1990) (stating that in a Rule 60(a) inquiry, "our focus is on what the court originally intended to do"); *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987) (same).

2. *See In re Jee,* 799 F.2d 532, 535 (9th Cir. 1986) (looking to the circumstances surround-

ing the original judgment to determine the judge's original intent).

3. *Id.; see also Sanchez,* 936 F.2d at 1033 (citing the district judge's statements of his original intent); *Blanton,* 813 F.2d at 1577 (observing that "[t]he district court repeatedly stated that the court never *intended* to award prejudgment interest") (emphasis in original).

4. *Sanchez,* 936 F.2d at 1033; *Blanton,* 813 F.2d at 1577.

tered judgment and fourteen days before filing a notice of appeal.[5] We therefore reverse the district court's ruling that it lacked jurisdiction to consider the motion.

■ Generally, we may not reach the merits of a motion that the district court has not considered.[6] However, this motion relies on the same arguments Guenther made in his substantive appeal. We may therefore reach the merits, because the motion presents a purely legal question involving no further development of the record and deciding the issue will not prejudice the Government.[7] Accordingly, we deny Guenther's motion for the same reasons we affirm the district court's Rule 60(a) clarification.

AFFIRMED IN PART, REVERSED IN PART, MOTION TO VACATE DENIED.

Costs to Appellee.

---

**5.** *See* Fed. R.App. P. 4(a)(4) (providing that a notice of appeal filed after the district court enters judgment, but before it disposes of motions pending under Rule 59 or Rule 60, does not take effect until the court disposes of the motions).

**6.** *See United States v. Patrin,* 575 F.2d 708, 712 (9th Cir.1978) ("As a general rule, a federal appellate court does not consider an issue not passed upon below") (internal quotation marks and citation omitted).

**7.** *See id.* (stating that an exception to the general rule applies "[w]hen the issue conceded or neglected in the trial court is purely one of law and either does not affect or rely upon the factual record developed by the parties"); *United States v. Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990) (stating that an exception to the general rule applies if "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court").