**Anthony Paul HART, Plaintiff–Appellant,**

v.

**Jeff LUTZ, Defendant–Appellee.**

No. 03–1648.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

Anthony Paul Hart, Kinross Correctional Facility, Kincheloe, MI, for Plaintiff–Appellant.

Mark E. Rath, Johnson, Rosati, La-Barge, Aseltyne & Field, Lansing, MI, for Defendant–Appellee.

Before DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

## ORDER

Anthony Paul Hart appeals a district court order that denied his Fed.R.Civ.P. 60 motion for relief from judgment he filed in this civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hart filed his complaint in the district court alleging that defendant Lutz, a deputy with the Eaton County Sheriff's Department, purposely ran over him repeatedly with his police cruiser as Hart attempted to flee his vehicle at the conclusion of a police chase. After the district court dismissed Hart's complaint with respect to all other named defendants, defendant Lutz moved the court to dismiss Hart's complaint or for summary judgment. After Hart responded in opposition, the magistrate judge recommended that summary judgment for defendant be granted. Over

* The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

Hart's objections, the district court adopted the magistrate judge's recommendation and entered judgment accordingly on February 28, 2003.

On March 27, 2003, Hart filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(a) & (b)(1). Defendant Lutz responded in opposition, and Hart filed a response. The district court denied Hart's motion for relief from judgment on April 29, 2003. Hart filed a timely notice of appeal taken from the April 29, 2003, order. On appeal, Hart contends that the district court: (1) erroneously granted summary judgment for defendant Lutz; (2) should have permitted him to amend his complaint; and (3) erroneously concluded that he did not make a showing of excusable neglect. Defendant responds that the district court's judgment was proper and that the district court properly denied plaintiff's motion for relief from judgment.

Upon consideration, we affirm the district court's order because the court did not abuse its discretion in denying plaintiff's motion for relief from judgment. *See Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.), *cert. denied*, 537 U.S. 885, 123 S.Ct. 118, 154 L.Ed.2d 144 (2002); *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir.1997); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). An abuse of discretion has been defined by this court as a "definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578–79 (6th Cir.1998) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)). Rule 60(a) provides that the court may correct "[c]lerical mistakes" in judgments. The district court "has very wide latitude" to correct clerical errors pursuant to Rule 60(a). *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir.1987). "The basic distinction between 'clerical mistakes' and

mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind. . . .*" *Id.* at 1577 n. 2 (citing *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir.1986)). In pertinent part, Rule 60(b) provides for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reasons justifying relief from the operation of the judgment." The relief available under the residual provision, Fed.R.Civ.P. 60(b)(6), should be afforded only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990), and the district court's discretion to deny relief under this provision is particularly broad. *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir.1991). A Fed.R.Civ.P. 60 motion may not be used as a substitute for an appeal, and an appeal from the denial of a Fed.R.Civ.P. 60 motion does not bring up the underlying judgment for review. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). Here, the district court did not abuse its discretion in denying plaintiff relief from its earlier judgment.

First, plaintiff's contentions that the district court's grant of summary judgment for defendant was improper are not properly before this court on appeal. Again, this appeal taken from the district court's denial of plaintiff's Fed.R.Civ.P. 60 motion does not bring up the underlying judgment for review. *Browder*, 434 U.S. at 263 n. 7; *Cacevic*, 226 F.3d at 490; *Hopper*, 867 F.2d at 294. Nonetheless, it is noted that the district court's judgment was proper because, although plaintiff's version of the facts varies widely from that

established by defendant in support of his motion, plaintiff failed to adduce proper evidence in support of his version. Plaintiff's complaint was not verified, and two "affidavits" submitted by him were not sworn or otherwise subscribed pursuant to 28 U.S.C. § 1746. Rather, each "affidavit" was unsworn, but included a certificate of service that was sworn and notarized. Therefore, the district court properly disregarded the "affidavits" as unsworn statements. *See Little v. BP Exploration & Oil Co.,* 265 F.3d 357, 363 n. 3 (6th Cir. 2001); *Pollock v. Pollock,* 154 F.3d 601, 611–12 n. 20 (6th Cir.1998). Accordingly, the district court properly granted summary judgment for defendant.

Plaintiff's remaining claims on appeal lack merit as well. Although plaintiff filed a "notice of intent to move for first amended complaint" on the same day his objections to the magistrate judge's report and recommendation were filed on February 5, 2003, plaintiff did not move for leave to file an amended complaint until March 17, 2003, well after the district court's judgment adopting the magistrate judge's recommendation was entered on February 28, 2003. Moreover, plaintiff's contention that he made a showing of excusable neglect lacks merit. Plaintiff contends that he had difficulty obtaining evidence in support of his complaint from his sister. Again, the difficulties alleged occurred after plaintiff filed his objections to the magistrate judge's recommendation. Under these circumstances, the district court did not abuse its discretion in denying plaintiff's motion for relief from judgment.

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.