FILED

**NOT FOR PUBLICATION**

AUG 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL KAYE, | No. 08-56919 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00921-WQH-WMC |
| v. | |
| BOARD OF TRUSTEES OF THE SAN DIEGO COUNTY PUBLIC LAW LIBRARY; ROBERT RIGER, individually and in his official capacity as Director of the San Diego County Public Law Library; SAN DIEGO COUNTY PUBLIC LAW LIBRARY, a local public agency, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

—————

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District Judge.[**]

Michael Kaye appeals pro se from the district court's entry of summary judgment in favor of his former employer, the San Diego County Public Law Library, and its director and Board of Trustees. He also appeals from the district court's denial of his motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or 60(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly entered summary judgment for the defendants on Kaye's federal due process claims. According to a state statute, Kaye served at the "pleasure" of the library board. Cal. Bus. & Prof. Code § 6345. Even if this statute is not determinative, Kaye has presented no evidence upon which a reasonable factfinder could conclude that the library made "an express or an implied in fact promise for some form of continued employment absent cause for firing," *Walker v. Northern San Diego County Hospital District*, 135 Cal. App. 3d 896, 905 (1982). That the Library routinely provided hearings for discharged employees does not suffice to demonstrate such a promise. Kaye therefore had no constitutionally protected property interest in his job.

---

[**] The Honorable Matthew F. Kennelly, U.S. District Judge for the Northern District of Illinois, sitting by designation.

By declining to exercise supplemental jurisdiction over Kaye's state claims, the district court effectively dismissed those claims. As the California Court of Appeal subsequently found, nothing would have prevented the state trial court from assuming jurisdiction over Kaye's remaining claims had he amended his complaint to include them. *Kaye v. Board of Trustees*, No. D055268, 2010 WL 2978082, at \*9-11 (Cal. App. July 31, 2010, as modified on denial of rehearing, Aug. 25, 2010). Under these circumstances, although a remand would, as almost always, have been preferable, the district court did not abuse its discretion by declining to remand Kaye's state claims rather than dismissing them. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001). Nor did the district court abuse its discretion by denying Kaye's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or 60(a), because Kaye identified no proper ground for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993); *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).

The parties' requests for judicial notice are granted.

**AFFIRMED.**