NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| In re: JOSEPH ZENOVIC, | ) | No. 17-60017 |
| | ) | |
| Debtor, | ) | BAP No. 15-1204 |
| | ) | |
| | ) | |
| JOSEPH ZENOVIC, | ) | MEMORANDUM* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MALCOLM CRUMP, as Trustee for | ) | |
| the Malcolm A. and S'anta Lou | ) | |
| Crump Family Trust UDT 12/10/87; | ) | |
| S'ANTA LOU CRUMP, as Trustee | ) | |
| for the Malcolm A. and S'anta Lou | ) | |
| Crump Family Trust UDT 12/10/87, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Yun, and Jury, Bankruptcy Judges, Presiding

Submitted June 4, 2018**

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral

(continued...)

Pasadena, California

Before:   FERNANDEZ and CHRISTEN, Circuit Judges, and MARSHALL,[***] District Judge.

Joseph Zenovic appeals the decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP) which, as relevant here, affirmed the decision of the bankruptcy court that the nondischargeable claim[1] of the Crumps[2] would bear prejudgment interest at the California state law rate of seven percent,[3] rather than at the federal rate.[4]  We affirm.

We have long held that "'[t]he award of pre-judgment interest in a case under federal law is a matter left to the sound discretion of the trial court.  Awards of pre-judgment interest are governed by considerations of fairness and are

---

[**](...continued)
argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

[1]*See* 11 U.S.C. § 523(a)(2)(A).

[2]Our use of the phrase "the Crumps" in this disposition refers to Malcolm and S'anta Lou Crump, as Trustees of the Malcolm A. and S'anta Lou Crump Family Trust, UDT dated 12-10-87, and Angela Crump collectively.

[3]*See* Cal. Const. art. XV, § 1; Cal. Civ. Code § 3288.

[4]*See* 28 U.S.C. § 1961.

awarded when it is necessary to make the wronged party whole.'" *Purcell v. United States*, 1 F.3d 932, 942–43 (9th Cir. 1993). Moreover, "[t]he federal prejudgment interest rate applies to actions brought under federal statute, such as bankruptcy proceedings, unless the equities of the case require a different rate." *Banks v. Gill Distribution Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 871 (9th Cir. 2001). However, that equitable determination must be based upon substantial evidence. *See Blankenship v. Liberty Life Assurance Co. of Bos.*, 486 F.3d 620, 628 (9th Cir. 2007). And: "'Substantial evidence' is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*; *see also Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987).

Here, as the BAP determined, the bankruptcy court did not abuse its discretion when it awarded prejudgment interest at the California rate of seven percent per annum.[5] The record well supports that use of the bankruptcy court's discretion. For example, Zenovic filed his bankruptcy petition shortly before the fraud claim would have been tried in the California courts, and the elements for

---

[5]The BAP did reject certain of the bankruptcy court's reasons. We agree with the BAP's conclusions regarding those. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) (as to Zenovic's lack of a license: "Prejudgment interest is an element of compensation, not a penalty"); *Blanton*, 813 F.2d at 1576 (as to alleged lost profits, substantial evidence is needed to justify deviation from the federal rate). However, that did not affect the BAP's ultimate conclusion. Nor does it affect ours.

fraud in California are much like the elements that must be shown in a nondischargeability proceeding. *Compare Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974, 938 P.2d 903, 917, 64 Cal. Rptr. 2d 843, 857 (1997), *with Am. Express Travel Related Servs. Co. Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996). We note, also, that had this been a diversity case, the California rate would have applied. *See Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992). Moreover, Zenovic obtained the benefit of settlement payments to the Crumps by the remaining defendants in the state action. The bankruptcy court did not abuse its discretion when it determined that the use of the federal interest rate in this action would not accord with considerations of fairness and uniformity among the various parties. *See Banks*, 263 F.3d at 871–72; *see also Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1442 (9th Cir. 1996).

Therefore, the BAP did not err when it affirmed the judgment of the bankruptcy court. We note that the BAP did recalculate the ultimate judgment amount and remanded for entry of a corrected judgment in that respect. The parties do not dispute the BAP's calculations on appeal, so we do not review them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

AFFIRMED.