ROBERT LEWIS ROSEN ASSOCIATES, LTD., Plaintiff–Appellee,

v.

William WEBB, Defendant–Appellant.

Docket No. 05–3578–cv.

United States Court of Appeals, Second Circuit.

Argued: Feb. 1, 2006.

Decided: Jan. 11, 2007.

Rodney A. Brown (Ryan J. Whalen, on the brief), Brown Law Group, P.C., New York, NY, for Plaintiff–Appellee.

Jeffrey D. Ullman, Ullman, Fuhrman, & Platt, P.C., Morristown, NJ, for Defendant–Appellant.

Before CALABRESI and STRAUB, Circuit Judges, and DRONEY, District Judge.*

DRONEY, District Judge.

In this appeal, we are asked to decide whether, pursuant to Federal Rule of Civil Procedure 60(a), a district court may issue a supplemental judgment awarding a party an undisputed sum certain as part of an arbitral award, if that sum was contemplated by the arbitral award, and the dis-

---

* The Honorable Christopher F. Droney, United States District Court for the District of Connecticut, sitting by designation.

trict court previously confirmed the arbitral award in full but omitted mention of that sum in its confirmatory order. We hold that such an action by the district court is permissible under the limited circumstances here, and we affirm the district court's order below.

## I. BACKGROUND[1]

Defendant-appellant William Webb ("Webb") is a noted director of televised sporting events for the Fox and MSG networks, whose professional experience includes directing the American and National League baseball playoff series, the baseball World Series games, the Major League Baseball Game of the Week, and the regular season broadcast games for the New York Mets. In 1986, Webb hired Robert Lewis Rosen Associates, Ltd. ("RLR"), a New York-based entertainment agency, to serve as his personal manager and career advisor. At RLR, Webb primarily worked with the company's principal, Robert Rosen ("Rosen"). The agreement between Webb and RLR called for the management company to "supervise his career and review his contracts," but stated explicitly that RLR was under no obligation to "solicit or provide employment" for Webb. *Robert Lewis Rosen Assocs., Ltd. v. Webb,* 2003 WL 22801698 (S.D.N.Y. Nov. 24, 2003), 2003 U.S. Dist. LEXIS 21317, at *3. In exchange for RLR's management services, Webb agreed to pay the company 10% of the gross consideration from any contracts into which he entered during his agreement period with RLR, whether or not

those contracts were formed with RLR's assistance.

Webb's agreement with RLR expired in October 1990, but he continued to consult with the agency informally.[2] On June 8, 1997, Webb signed an extension agreement with RLR "through and including October 12, 2001," which incorporated all the terms and provisions of their original agreement. The extension agreement, however, was not made retroactive to include the period between 1990 and 1997 during which the parties' original agreement had lapsed.

In the fall of 2000, Webb terminated the relationship with RLR, as he felt that the agency was not serving his best interests and that Rosen was promoting another RLR client for jobs that Webb hoped to obtain. The original and extension agreements between RLR and Webb called for resolution of disputes according to arbitration conducted in New York City in accordance with the commercial arbitration rules of the American Arbitration Association. On April 18, 2001, RLR initiated an arbitration proceeding alleging that Webb had anticipatorily repudiated the extension agreement prior to its stated expiration date, and seeking to collect monies owed it under that agreement. Webb counterclaimed against RLR to the arbitrator, alleging that RLR had committed breach of contract, breach of fiduciary duty, and breach of the duty of good faith and fair dealing by promoting other clients over Webb; had been unjustly enriched by certain of its contract negotiations for both Webb and other clients; and had committed fraud in the inducement by getting Webb to sign the extension agreement.

---

1. These facts are taken from the record submitted by the parties and from the District Court's opinion below, and are undisputed unless otherwise noted. *See Robert Lewis Rosen Assocs., Ltd. v. Webb,* 2003 WL 22801698 (S.D.N.Y. Nov. 24, 2003), 2003 U.S. Dist. LEXIS 21317, at *1.

2. Rosen negotiated at least one contract between Webb and MSG during this time. *Rosen v. Webb,* 2003 U.S. Dist. LEXIS 21317, at *4.

Webb also sought a declaratory judgment from the arbitrator that Webb's original agreement with RLR had expired and was not extended by the June 1997 extension agreement.

Contemporaneously with the arbitration proceedings, Webb filed suit against Rosen and RLR in the Southern District of New York, asserting claims related to the disputes before the arbitrator. That matter was assigned to United States District Judge Harold S. Baer and placed on his suspense calendar in July 2002, pending the outcome of the arbitration. Arbitrator Howard C. Edelman issued an interim opinion on June 10, 2003, finding in favor of RLR and determining that the agency was due payments in connection with various work already performed by Webb, and a percentage of the gross consideration due to Webb by his 2000 renewal agreement with the Fox network and his 2001 renewal agreement with the MSG network. Edelman also noted that "RLR is due payment if Fox exercises its 2005 and 2006 option as set forth in [Webb's] Renewal Agreement." Arbitrator's Interim Opinion and Award on Damages, Case No. 13–140–349–01, June 20, 2003. On July 31, 2003, Edelman issued his final award, ordering, *inter alia:*

> 1. Respondent William Webb shall pay claimant RLR the sum of Three Hundred Fifty–Five Thousand Eighty–Four Dollars and Thirty–Two Cents ($355,-084.32), which reflects amounts due Claimant as of May 31, 2003. This sum includes manager's fees due, the costs of this arbitration including fees of the American Arbitration Association and the Arbitrator's compensation, attorneys' fees and other related costs. Payments shall be rendered forthwith but in no event later than thirty days after Webb's receipt of this Award.
>
> 2. Additional payments due Claimant RLR pursuant to the 2000 Fox Renewal, the 2001 MSG Renewal and the 2005 and 2006 Fox Renewal shall be made within thirty days after William Webb's receipt of these payments.
>
> 3. Interest at the rate of six per cent (6%) per annum shall accrue after payments are due in accordance with Paragraphs (1) and (2) above.

Arbitrator's Final Opinion and Award, No. 13–140–349–01, July 31, 2003.

The final arbitration award was delivered to the parties on August 4, 2003, and on August 21, 2003, RLR filed a petition in the Southern District of New York to confirm the arbitration award and reduce it to a judgment. Webb then cross-moved to vacate the arbitration award or, alternatively, for a stay of all proceedings in the Southern District of New York pending resolution of an administrative action he intended to file with the California Labor Commission.[3] On October 31, 2003, RLR filed an additional Order to Show Cause, seeking an injunction prohibiting Webb from any further judicial or administrative filings related to the dispute, including those before the California Labor Commission. All these motions were assigned to Judge Baer, as matters related to Webb's previously-filed federal lawsuit.

On November 24, 2003, Judge Baer issued his opinion on Webb and RLR's vari-

---

**3.** Webb's complaint before the California Labor Commission is not implicated in this appeal, but from the information in this case's record, it appears to allege, among other things, that RLR maintained an office in Palm Desert, California, from which it acted as a "talent agency" according to California Labor Code § 1700.4(a) but without being duly licensed by the State of California. *See Webb v. Rosen & Robert Lewis Rosen Assocs. Ltd.,* California Labor Commission, No. TAC–36–03 (Petition to Determine Controversy, filed Oct. 3, 2003).

ous motions. The district court declined to grant Webb's motion to stay the proceedings in the Southern District of New York, finding that such relief was "inappropriate," and similarly declined as inappropriate RLR's motion for an injunction preventing Webb from additional filings related to the dispute. *See Robert Lewis Rosen Assocs.*, 2003 WL 22801698, 2003 U.S. Dist. LEXIS 21317, at *30–37. After reviewing the arbitration proceedings, Judge Baer found that no grounds existed to vacate Edelman's final award, and therefore granted RLR's motion to confirm that award. *Id.* at *12–30, *42–43.

The judgment corresponding to Judge Baer's opinion was issued on November 26, 2003 and read, in relevant portion, as follows:

> That for the reasons stated in the Court's opinion (89369) and Order, dated Nov. 24, 2003, petitioner's motion to confirm the arbitration award is granted, the award of $355,084.32 with interest of 6% per annum is confirmed, the petitioner's motion for an injunction is denied, respondent's motion [to] vacate the award, or in the alternative, for a stay is denied, all pending motions are denied and the case is closed and removed from [the] active docket.

The judgment of the district court made no explicit mention of any sums due RLR related to the four renewal agreements cited in the final arbitration award.

RLR domesticated the district court's judgment in the Superior Court of New Jersey, where Webb resided, in January 2004.[4] Approximately six months later, RLR filed a complaint and order to show cause in the Superior Court of New Jersey, seeking to enforce the money portion of the judgment and alleging various fraudulent conveyances of property by Webb, ostensibly to allow him to shelter his assets from the effect of the judgment.[5] The parties entered settlement negotiations, which proved fruitless, and Webb then cross-moved in the Superior Court of New Jersey to fix the judgment debt as a sum certain. On January 21, 2005, New Jersey Superior Court Judge Kenneth MacKenzie granted Webb's cross-motion and fixed the domesticated judgment's debt at $383,504.69, and ordered that upon payment, RLR's complaint and notice of *lis pendens* would be vacated.[6] *See Robert Lewis Rosen Assocs., Ltd. v. Webb*, No. MRS–C–109–04 (Superior Court of New Jersey, Morris County Chancery Division) (Order, Jan. 21, 2005). Webb paid $374,300.06 to RLR on February 2, 2005, the amount necessary to satisfy Judge MacKenzie's order after crediting Webb for payments previously made by garnishment. RLR's attorneys correspondingly filed a discharge of *lis pendens* and a warrant of satisfaction of judgment in the Superior Court of New Jersey that same day.

Webb then sent copies of the New Jersey court order and the warrant of satisfaction of judgment to the judgments clerk of the Southern District of New York, with a letter stating that "as a matter of full

**4.** Contemporaneously, RLR docketed the district court's judgment in the Supreme Court of New York County and, pursuant to its rights as a judgment creditor, garnished Webb's wages from the MSG network. The parties do not contest the garnishment here.

**5.** Because RLR believed that Webb fraudulently conveyed his interest in his marital home to his wife, and because the judgment

debt remained unsatisfied, RLR placed a notice of *lis pendens* against that property.

**6.** At the same time, Judge MacKenzie denied as moot RLR's motion to amend the complaint to include various allegedly fraudulent conveyances made by Webb to his adult children.

faith and credit, the judgment now must be satisfied and discharged of record in the court of origin, the Southern District of New York." Webb also enclosed a draft "Satisfaction of Judgment" form to be docketed in the federal action before Judge Baer.[7] That filing in turn caused RLR to move for entry of an additional money judgment, seeking an additional $106,441.72 (plus appropriate interest) from Webb connected to the renewals of his MSG and Fox Sports contracts. Webb objected to RLR's motion, arguing that the original November 26, 2003 judgment of the Southern District of New York represented the full award to RLR and that, absent a timely amendment of that judgment pursuant to Fed.R.Civ.P. 59(e), RLR could not seek additional sums related to the contract renewals.

Judge Baer rejected Webb's argument and found RLR entitled to the additional sums related to the 2000, 2005, and 2006 Fox contract renewals and the 2001 MSG renewal. In what he called an order of supplemental judgment, the district judge wrote that "[t]his relief is not an increase in the [original] Judgment because it was already awarded when the Court confirmed the entire Arbitration Award in its Opinion in November 2003. As such, Rule 59(e) plays no role in my decision on this issue." *Robert Lewis Rosen Assocs., Ltd. v. Webb,* 2005 WL 1308942 (S.D.N.Y. Jun. 2, 2005), 2005 U.S. Dist. LEXIS 10413, at *4. Although Judge Baer's original Judgment did not specifically award RLR a sum certain related to the contract renewals, the district court's order of supplemental judgment noted that "[w]hen an arbi-

tration award is confirmed, unless the court specifies otherwise, it includes the entire award." *Id.* at *5. Accordingly, the district court issued a supplemental judgment on June 9, 2005 (later amended on June 30, 2005) awarding RLR an additional sum of $106,441.72 from the contract renewals at issue, and an additional $1,785.22 representing 6% per annum interest that had accrued beginning 30 days from the date Webb received payments under the renewed contracts.[8]

Webb now appeals from the supplemental judgment, arguing that the district court lacked authority to order such relief in June 2005, approximately eighteen months after the arbitration award initially was confirmed.

## II. DISCUSSION

Webb contends that the district court issued its supplemental judgment pursuant to Federal Rule of Civil Procedure 59(e), which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." He argues that as the original judgment was entered on November 26, 2003, the June 2005 supplemental judgment therefore was time-barred. We review this question of law *de novo. See, e.g., India.com, Inc. v. Dalal,* 412 F.3d 315, 320 (2d Cir.2005) ("Generally, we review questions of law *de novo,* questions of fact for clear error, and motions under Rule 59 for abuse of discretion.") (citing *Benjamin v. Fraser,* 343 F.3d 35, 43 (2d Cir.2003), and

---

7. That form was docketed in the official case file as a document prepared by William Webb, but the form never was endorsed by Judge Baer.

8. The supplemental judgment also ordered Webb to provide an accounting of all monies previously paid to RLR in connection with the arbitration award in order to determine if there was any overpayment and, accordingly, if Webb was entitled to any offset of the monies due under the supplemental judgment. This Court is not aware of the results of that accounting.

*Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir.2004)).[9]

■ Webb's arguments notwithstanding, we find that the district court's actions more properly are characterized as occurring pursuant to Federal Rule of Civil Procedure 60(a), which allows that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

■ Because arbitration orders are not self-enforcing, they are executed via judicial review and the issuance of a court order. A court reviewing an arbitration order "can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 104 (2d Cir.2006) (citing *Hoeft v. MVL Group, Inc.,* 343 F.3d 57, 63 (2d Cir. 2003)). In his November 2003 order and judgment, Judge Baer granted RLR's motion to confirm the arbitration award. That motion included a request by RLR to confirm that part of the award relating to the contract renewals. While Judge Baer did not explicitly address that request in his opinion and order, he made no statement that he was only partly confirming the arbitration award or that he denied RLR's request pertaining to the contract renewals. Logically reading the November 26, 2003 judgment, therefore, we must conclude that Judge Baer confirmed the arbitrator's award in full, including that provision of the award pertaining to future payments.[10] If the award was wholly confirmed in November 2003, then RLR had already been awarded the monies related to the contract renewals by the time the supplemental judgment was issued in June 2005. We find that the June 2005 supplemental judgment was not an alteration of Judge Baer's initial order and judgment; rather, the supplemental judgment explicitly elucidated a portion of the award now due RLR.

■ We have previously stated, in a case involving the subsequent award of prejudgment interest, that a Rule 60(a) motion is appropriate "where the judgment has failed accurately to reflect the actual decision of the decision maker to award such interest." *In re Frigitemp Corp.,* 781 F.2d 324, 327 (2d Cir.1986); *see also Dudley v. Penn–America Ins. Co.,* 313 F.3d 662, 665 (2d Cir.2002) (holding that where a party's motion seeking an amended judgment to include an award of pre-judgment interest did not invoke a specific Federal Rule of Civil Procedure, the district court correctly construed it as a motion under Rule 60(a), since the amended judgment "did not affect substantive rights" but "merely corrected a judicial oversight, namely the district court's failure to include the monetary award in the Original Judgment"). Judge Baer's clear intention was to confirm the arbitration award in its entirety. As the original judgment did not accurately reflect the District Court's intent, it was susceptible to correction under Rule 60(a) under the

---

**9.** Because the District Court's authority to issue a supplemental judgment is the crux of the issue before us, and because the District Court did not characterize its actions as occurring under Rule 59, we apply here the *de novo* standard of review rather than the abuse of discretion review normally applicable to Rule 59 motions.

**10.** That this portion of the award was not explicitly referred to in the November 2003 judgment is likely attributable to the fact that the renewal options had not all been exercised at that point, and therefore could not be reduced to a precise figure of monetary relief owed RLR.

same reasoning in the *Frigitemp* and *Dudley* decisions.[11]

■■■ The supplemental judgment here operated as does the addition of an adjective in a sentence: it provided greater detail about the award in question. But adding an adjectival descriptor is not the same as substituting a different noun. Similarly, we find that the supplemental judgment operated to correct an omission from the original judgment, not to alter or amend the relief contemplated by that judgment. Under Rule 60(a), the court may correct such an omission "at any time of its own initiative or on the motion of any party."[12] . We find that Judge Baer's actions were proper and not time-barred.[13]

We note that Rule 60(a) was an appropriate vehicle to correct the judgment in this case because there was no dispute over the dollar amount awarded by Judge Baer in the supplemental judgment.[14]

11. Webb argues that Rule 60(a) permits only corrections to errors or mistakes in the transcription of judgments, not in the rendering of judgments. We decline to endorse so narrow a view. We have previously ruled that Rule 60(a) permits the correction of "not only clerical mistakes, but also inadvertent errors" when correction is necessary "not to reflect a new and subsequent intent of the court, but to conform the order to the 'contemporaneous intent of the court.' " *Marc Rich & Co. A.G. v. United States,* 739 F.2d 834, 836–37 (2d Cir. 1984) (quoting *Jackson v. Jackson,* 276 F.2d 501, 503 (D.C.Cir.1960)).

12. Webb contends that because RLR did not invoke Rule 60(a) in its motion for supplemental judgment, it is barred from receiving relief under that rule. Because the plain language of the rule indicates that a judge may correct a judgment thereunder *sua sponte,* we find no problem with Judge Baer acting on RLR's motion by exercising his independent authority under the rule.

13. In his brief, Webb also argued that RLR could not be awarded any additional relief because it filed a warrant of satisfaction of judgment in the related New Jersey state proceedings, and that under the Full Faith and Credit Clause, U.S. Const. art. IV, § 1; 28 U.S.C. § 1738, the district court was thereafter required to respect the "finality" of the judgment of the New Jersey court. We find this argument without merit, and having upheld the validity of the federal supplemental judgment on other grounds, decline to address it further. We note in passing, however, that the Full Faith and Credit Clause usually precludes a subsequent federal action in the face of a prior state judgment. Here, the federal action came first. The involvement of the New Jersey courts in this matter was predicated on the *district court's* prior judgment, which the state court would have been required to accord the same *res judicata* effect it would have received in federal court.

Webb alternatively argued that by domesticating the federal court's order in New Jersey and seeking a money judgment in that state, RLR represented that the district court's original judgment was a final one, and should now be estopped from obtaining a supplemental judgment. We also find this reasoning unavailing. Under the full faith and credit doctrine, states enforce foreign money judgments without evaluating the underlying foreign claims: "In a suit upon a money judgment for a civil cause of action, the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis." *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 275, 56 S.Ct. 229, 80 L.Ed. 220 (1935). The New Jersey Supreme Court has cited *Milwaukee County* in support of the idea that when a foreign money judgment is domesticated in that state, "[t]he original cause of action is not before the New Jersey courts." *Philadelphia v. Bauer,* 97 N.J. 372, 478 A.2d 773, 777 (1984). Because the underlying substantive claims do not reach the court in which a foreign judgment is domesticated, RLR could not properly seek a supplemental judgment in New Jersey and instead was required to perfect its relief by returning to the Southern District of New York. We do not find RLR's attempt to gain partial relief in New Jersey dispositive of efforts to seek full relief from the court with primary jurisdiction over the dispute.

14. The $106,441.72 plus interest referenced in Judge Baer's supplemental judgment was the amount requested by RLR in its motion.

While the general rule is that a district court may not go beyond the scope of the arbitrator's award and calculate damages in the first instance, the parties here agree that RLR's contractually established fee is 10% of the gross consideration of any covered agreement, as found by the arbitrator and confirmed by the district court. When the arbitrator initially determined that the 2000, 2005, and 2006 Fox contract renewals and the 2001 MSG renewal were covered under Webb's and RLR's agreement (and correspondingly, that RLR was due a management fee should those contracts be renewed), he performed the primary and substantive step in reducing that portion of the award to a sum certain. Furthermore, in its affidavit supporting the motion for supplemental judgment, RLR asked for $106,441.72, plus interest, as its proper fees under those agreements. Webb, while contesting the district court's authority to issue *any* supplemental judgment, raised no objection to RLR's calculations or to the $106,441.72 figure.[15] We therefore find it permissible that Judge Baer performed the essentially ministerial function of ordering an *undisputed* amount of damages, when such award was specifically contemplated by the underlying arbitration.[16]

## III. CONCLUSION

For the reasons above, we affirm the district court's memorandum and order of supplemental judgment, as amended on June 30, 2005.

The original arbitrator did not reduce this portion of his award to a sum certain. The arbitrator's "failure" to do so is understandable, however, given that the portion of the award was contingent upon future renewals that had yet to mature.

15. As we discussed *supra*, Webb apparently did argue that some of his previous payments should offset a portion of the supplemental judgment, and Judge Baer accordingly ordered an accounting of all such payments as part of the supplemental judgment.

16. We underscore, however, that not all arbitration awards that include prospective relief, particularly when there are factual disputes over the calculation of damages, may be susceptible to such correction under Rule 60(a), and limit our holding to the instant facts.