22-464-cv
Tang v. Grossman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-three.

PRESENT:
>
> DENNIS JACOBS,
> ALISON J. NATHAN,
> *Circuit Judges.*
> HECTOR GONZALEZ
> District Judge.*

_____

Hong Tang,

*Plaintiff-Appellant*,

v.                                                                 22-464

Justin P. Grossman, in his individual and official capacities, as City Marshal, Defendant New York City Department of Investigations, City of New York,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                 Hong Tang, pro se, San Francisco, CA.

---

* Judge Hector Gonzalez, of the United States District Court for the Eastern District of New York, sitting by designation.

| | |
|---|---|
| **FOR DEFENDANT-APPELLEE GROSSMAN:** | Christopher J. Baum, Lynbrook, NY. |
| **FOR CITY DEFENDANTS-APPELLEES:** | MacKenzie Fillow, Kate Fletcher, of counsel, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Hong Tang, an attorney appearing pro se, appeals the dismissal of his civil rights complaint. Tang sued a New York City marshal and two City defendants for failing to re-serve a notice of eviction upon him after his eviction proceedings were temporarily stayed. Because Tang failed to plead plausible federal claims, and the district court acted within its discretion in declining to exercise supplemental jurisdiction over his state-law claims, we affirm. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision.[1]

We review Rule 12(b)(1) and (b)(6) dismissals de novo. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true and with reasonable inferences drawn in the plaintiff's favor, to state a plausible claim to relief or to establish subject matter jurisdiction. *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021); *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 126 (2d Cir. 2020). Orders denying Rule 59(e) motions are reviewed for abuse of discretion, with underlying questions of law reviewed de novo. *See Robert Lewis Rosen Assocs., Ltd. v. Webb*,

---

[1] Unless otherwise indicated, all internal citations, quotation marks, and alterations are omitted.

473 F.3d 498, 503 (2d Cir. 2007).

## I. Standards for Pro Se Attorneys

Though we normally afford special solicitude to pro se litigants, "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Tang acknowledged in his opposition to the motion to dismiss below that he is an attorney. We agree with the district court's decision declining to treat him as a nonlawyer pro se litigant.

## II. Substantive Due Process

Tang's substantive due process claim fails because he does not allege state action that could plausibly be found to "shock the contemporary conscience." *Southerland v. City of New York*, 680 F.3d 127, 151 (2d Cir. 2012). He argues that the failure to serve the second notice and ignorance of the law was "outrageous and shocking and thus violated substantive due process." Appellant's Br. 15. But there appears to be no dispute that Tang was aware of the first notice and knew about the outcome of the ongoing court proceedings, including the end of the stay of eviction. The alleged misconduct was much closer to the type of "negligently inflicted harm [that] is categorically beneath the threshold of constitutional due process." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009). Tang's substantive due process claim was properly dismissed.

## III. Procedural Due Process

Tang's procedural due process claim was appropriately dismissed because he had sufficient post-deprivation remedies. To prevail on a procedural due process claim, a plaintiff must demonstrate: (1) that he was deprived of a cognizable interest in life, liberty, or property (2)

3

without receiving constitutionally sufficient process. *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy." *Rivera-Powell v. N.Y.C Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006).

We have held that post-deprivation Article 78 proceedings are "adequate for due process purposes" when the deprivation was caused by a "random and arbitrary" act. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). Therefore, assuming there is in fact a cognizable interest, the core issue is whether the alleged deprivation was random and unauthorized.

The district court concluded that the alleged misconduct—the failure to re-serve the eviction notice—was random and unauthorized. Tang disputes this, asserting that the misconduct was based on established state procedures. But Tang pleaded that the marshal was "required by law and policy to serve an additional notice of eviction," ROA doc. 1 (Compl.) at 5, and the New York City Marshals Handbook of Regulations and the Civil Court Directive (both attached to his complaint) clearly demonstrate that the established state procedure is to re-serve notices of eviction in situations like Tang's. *Id.* at 15 (Handbook), 20 (Civil Court Directive). Based solely on Tang's asserted allegations, it is not plausible that Grossman's conduct was a result of established state procedures. Tang's procedural due process claim was correctly dismissed.

## IV. Equal Protection

Tang's conclusory assertions of an equal protection violation also fail, regardless of whether they are construed as a selective enforcement or class-of-one claim. He has failed to allege any similarly situated comparators or allege that he was treated differently due to

4

impermissible reasons. To state an equal protection claim based on a theory of selective enforcement, a plaintiff must plausibly allege that he was treated differently from others similarly situated based on impermissible considerations, such as race, religion, or the exercise of a constitutional right. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007). To state a "class of one" equal protection claim, a plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Tang's complaint contained only legal conclusions regarding this claim and no factual support demonstrating that he was either treated differently from similarly situated comparators or that any actions were taken against him based on impermissible considerations. In his opposition to the motion to dismiss, Tang argued that the failure to re-serve must have been intended to inhibit his exercise of his constitutional rights because Tang informed the marshal of the re-serving requirement, but the inferences drawn from this allegation alone cannot make out a class-of-one claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, his equal protection claim also fails.

## V. *Monell*

Tang's claim against the City under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), fails because he has not successfully alleged an underlying constitutional violation. "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original).

5

Tang failed to plead a valid constitutional violation, but even if he had, Tang's boilerplate allegations about the City defendants' role in that constitutional violation only amount to "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

## VI. State Law Claims

Having dismissed Tang's federal claims, the district court declined to exercise supplemental jurisdiction, which is the proper outcome when a court has dismissed all claims "over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."). Our review is for abuse of discretion, *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243 (2d Cir. 2011), and we detect none here. We independently agree with the district court that there was no basis for finding diversity jurisdiction, for substantially the same reasons expressed in the district court's decision on reconsideration. Were we to determine otherwise, we would nevertheless affirm on the ground that the state law claims arising out of eviction proceedings were time barred by N.Y. C.P.L.R. 215(1). *See Jemison v. Crichlow*, 139 A.D.2d 332, 337 (2d Dep't 1989), *leave to appeal denied*, 72 N.Y.2d 873 (1988)).

\* \* \*

We have considered all of Tang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court