*Subway Int'l B.V. v. Subway Russia Franchising Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

SUBWAY INTERNATIONAL B.V.,

> *Petitioner-Appellee,*

v.                                                             24-1702

SUBWAY RUSSIA FRANCHISING COMPANY, LLC,

> *Respondent-Appellant.*

---

| | |
|---|---|
| FOR PETITIONER-APPELLEE: | MICHAEL D. JOBLOVE, Nina Greene, Michael A. Guerra, Venable LLP, Miami, FL. |
| FOR RESPONDENT-APPELLANT: | MICHAEL T. CONWAY, Lazare Potter Giacovas & Moyle LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

"Subway Russia has been the exclusive developer of the Subway restaurant chain in Russia since 1993 through a series of three consecutive [Master Franchise Agreements] signed with [Subway International B.V.], the fast-food chain's international franchisor."   Special App'x at 2. In 2020, however, Subway International B.V. ("SIBV") decided not to renew its Master Franchise Agreements ("MFA") with Subway Russia.   Subway Russia alleged that the termination was wrongful, while SIBV claimed that it "had the right not to renew based upon Subway Russia's various outstanding defaults."   *Id.* at 1.   Under the terms of the MFA, the parties submitted the dispute to arbitration in New York.

In the initial arbitration award (the "First Award"), the arbitrator concluded that Subway Russia was in default of several provisions of the MFA at the time Subway Russia sent its renewal notice and thus did not have a right to automatically renew the agreement.   The parties then cross-petitioned in the district court for confirmation and vacatur.   In deciding those motions (the "First Memorandum Order" or the "December 8, 2021 Memorandum Order"), the district court remanded the case to the arbitrator to decide one remaining claim of Subway Russia that the arbitrator had not resolved:   Whether "the parties had reached a binding agreement to cure the defaults prior to the expiration of the MFA."   Special App'x at 2.

2

Following a seven-day hearing, the arbitrator issued a further award (the "Second Award") in which she "ruled for SIBV and rejected Subway Russia's offer-acceptance claim." Special App'x at 2. The parties again filed cross-petitions for confirmation and vacatur. The district court granted SIBV's petition to confirm and denied Subway Russia's petition to vacate.

On appeal, Subway Russia argues that the district court erred in confirming the two awards. It contends primarily that SIBV's second petition to confirm was untimely, the district court erred in making a "substantive change" to its initial December 8, 2021 Memorandum Order under Rule 60(a), and the district court erred in "issuing contradictory decisions," "creating a myriad of procedural and substantive problems." Appellant's Br. at 5, 20. Subway Russia also argues that the district court erred in confirming the Second Award in particular because the arbitrator exceeded her authority by imposing her "own sense of personal justice," "ignor[ing] the clear terms of the Parties' MFA and bas[ing] her Second Award almost entirely on the testimony of SIBV witnesses who had no personal knowledge." *Id.* at 33, 42. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020) (internal quotation marks omitted). "But a petition brought under the [Federal Arbitration Act ("FAA")] is not an occasion for *de novo* review of an arbitral award." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (internal quotation marks omitted). Instead, a court's review of such an award is "severely limited," and a party seeking to vacate "the decision of an arbitral panel under the FAA . . . must clear a high hurdle." *Id.* at 71-72 (internal quotation marks

3

omitted). So, although this Court examines the district court's legal rulings de novo, it must "recognize[] the strong deference appropriately due arbitral awards and the arbitral process," and "limit[] its review of arbitration awards in obeisance to that process." *Id.* at 72 (internal quotation marks omitted).

The district court properly confirmed the First and Second Award. First, Subway Russia misunderstands the district court's December 8, 2021 Memorandum Order. As the district court itself explained: "Subway Russia's position totally misreads the [First] Memorandum Order." Special App'x at 17. "The [First] Memorandum Order explicitly remanded 'for decision on Subway Russia's offer-acceptance claim,' and not for reconsideration of the case as a whole." *Id.* at 18 (quoting Dec. 8, 2021 Mem. Order at 13). Thus, contrary to what Subway Russia claims, there are no contradictory decisions here.

Second, the district court did not err in correcting its First Memorandum Order under Rule 60(a). The district court did not "completely chang[e]" the "meaning" of its prior decision. Appellant's Br. at 20. To the contrary, the district court explained that although its initial order "was clear on this score, assuming *arguendo* that it is not, the Court hereby corrects any such 'oversight or omission.'" Special App'x at 18 n.3. It was well within the district court's discretion to make this correction. *See Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 505 n.11 ("Rule 60(a) permits the correction of not only clerical mistakes, but also inadvertent errors when correction is necessary not to reflect a new and subsequent intent of the court, but to conform the order to the contemporaneous intent of the court." (internal quotation marks omitted)).

Third, Subway Russia's argument that SIBV's second petition to confirm was untimely fails. It was "clear from the [First] Memorandum Order that, following remand, SIBV would be

4

given an opportunity to seek confirmation of those portions of the First Award that were not subject to remand, as it now has done."   Special App'x at 18.   In fact, SIBV could not have appealed the First Memorandum Order because it was not a final decision that "end[ed] the litigation on the merits," leaving "nothing for the court to do but execute the judgment."   *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005) (internal quotation marks omitted); *see also Landy Michaels Realty Corp. v. Local 32B–32J Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (holding that when a district court "order[s] the same arbitrator to make some further decision with respect to the content of the award," that "district court decision . . . is not immediately appealable").

Finally, Subway Russia's focus on the arbitrator's interpretation of the evidence in arguing that she exceeded her authority is misplaced.   "A federal court may not conduct a reassessment of the evidentiary record."   *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004).   Instead, "[o]ur inquiry under § 10(a)(4) . . . focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."   *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir. 2002) (internal quotation marks omitted).   Here, the parties "clearly and unmistakably submitted the issue" of whether they reached a "new Master Franchise Agreement . . . by reason of Claimant's acceptance of the allegedly open offer extended by Respondent on December 19, 2019 separate and apart from the as-of-right renewal provided for in the renewal clause" of the 2015 agreement.   *See Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 161 (2d Cir. 2021) (internal quotation marks omitted); App'x at 482-83.   The arbitrator thus did not act "outside the scope of [her] contractually delegated authority," and Subway Russia's arguments

5

fail.  *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (internal quotation marks omitted).

\* \* \*

We have considered the remainder of Subway Russia's arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
