**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: KEITH THOMAS,
                     *Respondent.*

No. 01-80091

D.C. No.
CV-07-1028-LKK
Eastern California

ORDER

Filed November 29, 2007

Before: Betty B. Fletcher, Marsha S. Berzon and
Sandra S. Ikuta, Circuit Judges.

## ORDER

PER CURIAM:

Respondent Keith Thomas has been a frequent and vexatious litigant in this court for at least seven years.[1] In 2001, we entered a pre-filing review order precluding Thomas from filing new appeals or petitions in this court unless Thomas is appearing through counsel, the district court has certified that Thomas's appeal is taken in good faith, or we have determined the appeal or petition has sufficient merit to proceed.[2]

---

[1]Before we entered a pre-filing review order, Thomas had filed 17 appeals and petitions with this court in less than two years, all of which were eventually denied, affirmed or dismissed as completely without merit or lacking in appellate jurisdiction.

[2]Since the pre-filing review order was entered on July 18, 2001, Thomas has attempted to file no fewer than 28 new appeals and petitions, all of which have been rejected by this court pursuant to the pre-filing review order as lacking sufficient merit and/or lacking in jurisdiction. In addition, he has filed more than 69 separate civil actions in the Eastern District of California alone.

Because our decisions pursuant to a pre-filing review order are rarely published, we have not yet clarified the standard for determining whether an appeal or petition has sufficient merit to proceed. We take the opportunity to do so now. In addressing this issue, we are guided by prior decisions setting standards for disposing of cases on a summary basis.

In *United States v. Hooton*, we permitted summary affirmance of a final judgment in a nonemergency situation only where "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument." 693 F.2d 857, 858 (9th Cir. 1982) (citations omitted). Such summary affirmances "should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality [of the appeal] is manifest from the face of appellant's brief." *Id.* Similarly, in *Franklin v. Murphy* we indicated that a court could dismiss an in forma pauperis action as frivolous before service of process when the complaint recites "bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind," or when the complaint recites facts that conflict with facts of which the district court may take judicial notice. 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) (per curiam)).

Like summarily affirming a final judgment on appeal or dismissing a frivolous complaint, precluding an appellant from proceeding with a petition or appeal pursuant to a pre-filing order restricts access to court, and therefore "must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." *De Long v. Hennessey*, 912 F.2d 1144, 1149 (9th Cir.), *cert. denied*, 498 U.S. 1001 (1990). Accordingly, we hold that when we have imposed prefiling requirements, we can preclude an appellant from proceeding with a petition or appeal only when it is clear from the face of the appellant's pleadings that: (i) the appeal is patently insubstantial or clearly controlled by well settled

precedent; or (ii) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice. *See Franklin v. Murphy,* 745 F. 2d at 1228; *United States v. Hooton*, 693 F.2d at 858.

In this case, Thomas seeks to appeal a magistrate judge's order recommending dismissal of one of Thomas's most recent actions. Thomas's complaint indicates that he is bringing this action against four district court judges to challenge the judges' rulings in prior actions filed by Thomas. Under well-settled precedent, Thomas may challenge those prior rulings only via appeal, not by suing the judges. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Because the appeal before us is clearly controlled by existing precedent and the insubstantiality of the appeal is manifest from the face of Thomas's pleadings, we hold that the appeal lacks sufficient merit to proceed.

A certified copy of this order served on the district court for the Eastern District of California shall constitute the mandate of this court.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.