**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TATTERSALLS, LTD., Incorporated in England, | No. 12-56037 |
| *Plaintiff-Appellee*, | D.C. No. 2:11-cv-06311-SJO-SH |
| v. | |
| JEFFREY DEHAVEN, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
February 7, 2014—Pasadena, California

Filed March 21, 2014

Before: Mary M. Schroeder and Richard R. Clifton, Circuit
Judges, and Brian M. Cogan, District Judge.[*]

Opinion by Judge Clifton

---

[*] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Fed. R. Civ. P. 60(a)  Motion

The panel affirmed the district court's grant of a Fed. R. Civ. P. 60(a) motion to correct the judgment to award money damages in favor of Tattersalls, Ltd.

The panel held that the district court's use of Rule 60(a) in correcting the judgment to award damages was proper where the district court always intended to award monetary damages.  The court noted that its ruling preserved the distinction between Rule 59(e), which governs the filing of a motion to alter or amend a judgment that involves a substantive change of mind by the court, and Rule 60(a), which does not allow a court to change its mind but allows the court to correct the judgment where there was a "blunder in execution."

### COUNSEL

Raymond E. Lee, Michael J. Chilleen, Roger Scott (argued), Greenberg Traurig, LLP, Irvine, California, for Defendant-Appellant.

Diana Courteau (argued), Courteau & Associates, El Segundo, California, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**OPINION**

CLIFTON, Circuit Judge:

Defendant-appellant Jeffrey DeHaven appeals the district court's grant of a Rule 60(a) motion in favor of plaintiff-appellee Tattersalls, Ltd., an auctioneer. DeHaven bought and took possession of a horse from Tattersalls but did not pay for it. When Tattersalls sued, the district court granted title and right of possession of the horse to Tattersalls. The court did not award damages for the reduction in the horse's value while she was held by DeHaven but instructed Tattersalls to move to amend the judgment under Rule 59(e), Fed. R. Civ. P., when it knew the amount of the damages. The district court overlooked the 28-day deadline for motions under Rule 59(e), however. After the deadline expired, the court held that it was permitted to correct the judgment under Rule 60(a), Fed. R. Civ. P., which does not have a time limit, to award monetary damages. We hold that, because the district court always intended to grant Tattersalls damages, this use of Rule 60(a) was proper, and we affirm.

## I. Background

Tattersalls, Ltd., the plaintiff-appellee, is an English auctioneer of thoroughbred horses. The defendant-appellant, Jeffrey DeHaven, bought a horse, Singapore Lilly, from Tattersalls in November 2010 for $357,210 (210,000 guineas). DeHaven shipped the horse to the United States and entered her into races but did not pay for her.

Tattersalls filed a complaint to recover the horse, the difference between her purchase price and the resale value, and other damages. DeHaven did not respond to the

complaint, and the court entered a default judgment against DeHaven on September 30, 2011. The court noted that Tattersalls had a meritorious claim to title of the horse but that the amount of damages was uncertain. As the court observed, "Singapore Lilly has aged almost a full year since Defendant agreed to purchase her, so she is likely worth less now than when Plaintiff originally sold her to Defendant." Therefore, the court held, "[t]he proper measure of contract damages, in light of the fact that Plaintiff is also entitled to regain title to the horse, is the amount of the depreciation in the horse's value between the previous sale at auction and the present."

The court declined to award Tattersalls both the full purchase price and title to the horse, as Tattersalls had requested, because that would permit Tattersalls a double recovery. Even if Tattersalls promised to refund the horse's sale price to DeHaven, the company might not sell her speedily, allowing her to depreciate further, and it might also sell her at less than a fair market price. But the court noted that at that time it had no "credible evidence" of the horse's current worth. The court attempted to solve these problems by entering judgment granting title, ownership, and right of possession to Tattersalls so the company could try to resell the horse at the next available auction on November 6, 2011. It seems that the court wanted Tattersalls to have the opportunity to auction the horse before it assessed damages because the alternative—an expert appraisal of the horse's value—could only be an approximation of the current market value. Because Tattersalls could not sell the horse unless it

was registered as the owner, the court needed to grant it title to permit it to be auctioned.[1]

The court addressed the damages question by "find[ing] that Singapore Lilly has not depreciated in value" and entering a judgment that would "not include any money damages for the depreciation of Singapore Lilly's value," but instructing Tattersalls to move to amend the judgment later under Rule 59(e), Fed. R. Civ. P., to supply evidence of the horse's lost value. The deadline that the court set for the Rule 59(e) motion was November 21, 52 days after the date of its judgment and two weeks after the upcoming auction. The court gave Tattersalls the option of submitting expert testimony as to the horse's value if she failed to sell at the auction.

DeHaven noticed an appeal against the default judgment. On November 18, 2011, Tattersalls filed a motion with the district court to continue the November 21 deadline. Tattersalls had not been able to sell the horse at the November 6 auction, because the Jockey Club would not amend Singapore Lilly's registration papers unless there was a nonappealable judgment, and DeHaven's appeal was pending. DeHaven opposed the motion because Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

---

[1] We do not quarrel with the district court's reasoning that a sale was preferable to an appraisal. We note, however, that a better route to this result might have been for the court to certify a partial judgment awarding ownership of the horse to Tattersalls as final under Rule 54(b), Fed. R. Civ. P., allowing Tattersalls to submit evidence of monetary damages later. Tattersalls did not request a partial judgment.

Judgment had been entered on September 30, more than 28 days before.[2]

In an order entered November 22, 2011, the court acknowledged that DeHaven was correct and that it was too late for Tattersalls to move to amend under Rule 59(e). The court ruled, however, that Tattersalls would be able to file a motion to correct the judgment under Rule 60(a) instead. The court, quoting *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990), noted that "[a] district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision," and emphasized that it had "intended all along to permit Plaintiff to recover the depreciation in the horse's value."

Tattersalls sought to remand the case from this court, and also requested an indicative ruling from the district court under Rule 62.1, Fed. R. Civ. P., as to how it would decide the Rule 60(a) motion. The court issued an order on February 1, 2012, indicating that it would grant the Rule 60(a) motion and repeated that it "clearly signaled its intent on September 30, 2011, that it wished to grant Plaintiff damages to compensate it for the depreciation in Singapore Lilly's value, but wanted to do so on the basis of either evidence of her resale price or expert evidence regarding depreciation."

After this court remanded the case, the district court entered an order granting Tattersalls' Rule 60(a) motion on

---

[2] Even if DeHaven had not noticed an appeal, and Tattersalls had been able to amend Singapore Lilly's registration papers before the auction, it would still have been too late for Tattersalls to amend the judgment under Rule 59(e).

May 4, 2012.  The court accepted Tattersalls' uncontested expert testimony that Singapore Lilly was worth $75,000 on September 30, 2011, and therefore granted Tattersalls $282,210 in damages for the depreciation in value, in addition to title, ownership, and right of possession of the horse.

DeHaven appeals, arguing that the court abused its discretion in correcting the judgment so as to award depreciation damages.

## II. Discussion

We review a district court's decision to grant relief under Rule 60(a) for abuse of discretion.  *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012).  A legal error is an abuse of discretion.  *Id.*

### A.  Rule 60(a)

Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  In determining whether a mistake may be corrected under Rule 60(a), "our circuit focuses on what the court *originally intended* to do."  *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).  Thus, "[t]he basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*."  *Id.* n.2.

The quintessential "clerical" errors are where the court errs in transcribing the judgment or makes a computational mistake. 12-60 *Moore's Federal Practice* § 60.11[1][b]; *see*

*Garamendi*, 683 F.3d at 1078, 1080. But Rule 60(a) covers more than those situations. For example, in *In re Jee*, 799 F.2d 532 (9th Cir. 1986), we held that a bankruptcy court did not clearly err in using Rule 60(a) to amend a prior dismissal order where the record and the recollection of the judge who entered the order indicated that the dismissal was intended to be without prejudice. In *Jones & Guerrero Co. v. Sealift Pacific*, 650 F.2d 1072 (9th Cir. 1981), we permitted the district court to use Rule 60(a) to correct a blanket order dismissing twenty-two diversity cases, where the court intended to remand one of those cases—the only one not originally filed in federal court—to territorial court. And in *Robi*, 918 F.2d at 1444–46, we permitted a court to use Rule 60(a) to clarify that it intended to cancel three trademarks, not just the one explicitly mentioned in the judgment.

We recapitulated our view regarding the permissible uses of Rule 60(a) in *Garamendi v. Henin*. There, we held that it was permissible for a court to use Rule 60(a) to clarify a judgment that could not be domesticated in a foreign country because its reasoning was not sufficiently detailed. 683 F.3d at 1080–81. Surveying our and other courts' decisions relating to the allowable uses of Rule 60(a), we concluded that the Rule "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Id.* at 1079 (internal quotation marks omitted). The "touchstone" of Rule 60(a) in all these cases is "fidelity to the intent behind the original judgment." *Id.* at 1078.

## B.  The district court's use of Rule 60(a) was proper

Relying on *Garamendi*, we hold that the district court's use of Rule 60(a) in correcting the judgment to award damages was proper.  The court's overlooking of the 28-day time limit for Rule 59(e) relief is the kind of clerical error, oversight, or omission that is amenable to correction under Rule 60(a).  A clerical error does not need to be made by a clerk. *Jones*, 650 F.2d at 1074.  Rather, it is a "blunder[] in execution" that the court may try to correct so long as it does not change its mind. *Blanton*, 813 F.2d at 1577 n.2.

It is obvious that the court did not change its mind.  The court's September 30 order shows that the court intended that Tattersalls should receive depreciation damages for Singapore Lilly.  As the court said, "[t]he proper measure of contract damages," given that Tattersalls was recovering the horse, "is the amount of the depreciation in the horse's value."  The court invited Tattersalls to submit evidence of the price Singapore Lilly fetched at auction, or her appraisal value, if she did not sell.  There is no question that the "contemporaneous intent" of the court was to award Tattersalls a full recovery.[3]  *See Garamendi*, 683 F.3d at 1079–80.

It is also obvious that the court did not intend that Tattersalls would be unable to amend the judgment after the 28-day time limit under Rule 59(e) had elapsed.  The court

---

[3] The court later confirmed its intent three times—in its denial of Tattersalls' motion to extend the deadline, its tentative ruling on the Rule 60(a) motion, and its final ruling.  A court's later statements about its intentions may also be considered as evidence of its original intent. *Jee*, 799 F.2d at 534–35.

intended that Tattersalls should submit evidence of depreciation damages but overlooked the 28-day deadline. This is apparent from the court's original September 30, 2011, decision, as the court contemplated that Tattersalls would sell Singapore Lilly at an auction that was itself more than 28 days after the date of entry of judgment.

Therefore, as *Garamendi* requires, the corrected judgment is faithful to the court's original intent. DeHaven does not argue that the court did not intend to award Tattersalls a full recovery, or that the court intentionally instructed Tattersalls to file a motion under Rule 59(e) when it was legally impossible to do so. Instead, DeHaven tries to persuade us by arguing that Tattersalls could have complied with the 28-day time limit on its own. Even though Tattersalls could not resell the horse at auction within the 28-day limit, he says, it might have submitted expert evidence to the court in that time, before the first auction at which the horse could be sold. This is clearly not what the court intended. The court would not have intended to mislead Tattersalls by suggesting an erroneous 52-day limit as a red herring. And, in any case, the court instructed Tattersalls to "provide expert testimony regarding [Singapore Lilly's] current value *if she has not sold at auction*" (emphasis added). The court clearly intended that Tattersalls should try to establish the value of the horse by auction. Thus, if Tattersalls had submitted evidence of Singapore Lilly's value before trying to sell her at auction, it would still have been violating the court's intent.

The use of Rule 60(a) here falls into one of the categories set out in *Garamendi* because it "ensure[s] that the court's purpose is fully implemented." 683 F.3d at 1079. If it were not for the Rule 60(a) correction, Tattersalls would have lost almost 80 percent of the value of the horse, contrary to the

court's intent. The court always intended to grant full relief to Tattersalls and specifically provided that the judgment was subject to change to reflect the full measure of damages. Therefore, we hold that the correction did not change the judgment's "operative, substantive terms." *See Garamendi*, 683 F.3d at 1080 ("[W]e must . . . ensure that [the corrected judgment] did not change the operative, substantive terms of the original judgment. *We are convinced that the district court's corrected judgments did not deviate from the intent of its original judgments, so the court acted within its Rule 60(a) authority*." (emphasis added)); *see also Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–06 (2d Cir. 2007) (holding that a supplemental judgment confirming a monetary award could be used to correct an initial order under Rule 60(a), where the monetary award was implicit in the initial order), *cited in Garamendi*, 683 F.3d at 1078–79. The use of Rule 60(a) in this context is not precluded by the fact that Tattersalls has submitted new evidence relating to Singapore Lilly's loss of value. *See Robert Lewis Rosen Assocs.*, 473 F.3d at 504–06 (permitting the admission of new evidence to correct a judgment). Accordingly, we hold that the district court's use of Rule 60(a) was proper.

### III.    Conclusion

Our ruling today preserves the distinction between Rule 59(e) and Rule 60(a), which we discussed in *Garamendi*. In Rule 59(e), which governs the filing of a motion to alter or amend a judgment, the phrase "'alter or amend' means a substantive change of mind by the court." *Garamendi*, 683 F.3d at 1077 (quoting *Miller v. Transam. Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983)). By contrast, a court may not change its mind when using Rule 60(a). A court may not enter a judgment and then amend it under Rule 60(a) because

it has reached a different conclusion.  But, when the court has made a "blunder[] in execution," it may use Rule 60(a) to correct the judgment to implement its purpose.  *Blanton*, 813 F.2d at 1577 n.2; *see Garamendi*, 683 F.3d at 1079.

**AFFIRMED.**