**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OPTIONAL CAPITAL, INC., AKA
Optional Ventures,
          *Claimant-Appellant,*

 and

UNITED STATES OF AMERICA,
          *Plaintiff,*

   v.

DAS CORPORATION,
          *Respondent-Appellee,*

 and

475 MARTIN LANE, BEVERLY
HILLS, CALIFORNIA, Real Property
Located at, *et al.*
          *Defendants.*

No. 22-55832

D.C. Nos.
2:04-cv-02788-
PA-PLA
2:04-cv-03386-
PA-PLA
2:05-cv-03910-
PA-PLA

ORDER

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 21, 2023[*]

Filed April 28, 2023

Before: Daniel P. Collins and Kenneth K. Lee, Circuit Judges, and Gregory A. Presnell,[**] District Judge.

## SUMMARY[***]

### Fed. R. Civ. P. 60(a)

The panel granted DAS Corporation's motion to summarily affirm the district court's decision, which recognized that the latest relief sought by Optional Capital, Inc., pursuant to a Fed. R. Civ. P. 60(a) motion to amend, was directly contrary to this court's prior rulings in this case.

In its prior decision, the panel rejected Optional's contention that DAS should be held in contempt for allegedly failing to comply with the May 2013 final judgment that was entered in these forfeiture proceedings. After that decision became final, Optional filed a Fed. R. Civ. P. 60(a) motion to amend the May 2013 judgment to provide that (1) the $12.6 million that DAS had received "is impressed with a constructive trust in favor of Optional" and

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that (2) "DAS is directed to return that $12,602,824.09, with interest, to Optional's counsel." Optional argued that the May 2013 judgment's failure to specifically award the $12.6 million to Optional was a "scrivener's error" that should be corrected under Rule 60(a). The district court denied Optional's Rule 60(a) motion.

First, the panel denied Optional's motion to strike DAS's papers, which alleged that DAS was not a proper party in this matter. The panel held that this contention was frivolous. The panel held that DAS had standing to object to the proposed entry of a subsequent final judgment that in its view did not correctly reflect the court's earlier rulings that finally disposed of the matter as to DAS. DAS therefore properly filed an opposition to Optional's Rule 60(a) motion in the district court and is properly deemed to be an appellee in this court.

The panel granted DAS's motion for summary affirmance. As the district court correctly recognized, this court's decision in the prior appeal does not permit the amendment of the judgment that Optional requested in its Rule 60(a) motion. Rule 60(a) is limited to the correction of "blunders" in the drafting of the judgment, and it does not provide an opportunity for the district court to change its mind. In its prior decision, the panel held that it was "quite clear that the district court at the 2013 trial did not have before it, and did not undertake to decide, the competing claims of DAS and Optional to the $12.6 million that DAS had received from the Credit Suisse Account in 2011." The panel held that in view of the rulings it made in its prior opinion, there was plainly no "oversight" in the May 2013 judgment, and there was nothing in that judgment to "correct" under Rule 60(a). Optional has made arguments that are directly contrary to, and squarely foreclosed by, the

rulings in the prior opinion. Those rulings are the law of the case, and the district court correctly held it was bound to follow them.

Finally, the panel held that despite being warned in the prior decision that its prior litigation maneuvers had gone too far, Optional filed this utterly meritless appeal and filed a frivolous motion contesting DAS's right even to be heard in this appeal. The panel filed a contemporaneous unpublished order directing Optional's counsel to show cause why they should not be sanctioned under 28 U.S.C. §§ 1912, 1927 and/or Fed. R. App. P. 38.

## COUNSEL

Mary Lee, Law Offices of Mary Lee, Los Angeles, California; Ralph Rogari, Rogari Law, Los Angeles, California; for Claimant-Appellant.

Prashanth Chennakesavan, Kevin B. Kelly, and Joedat H. Tuffaha, LTL Attorneys LLP, Los Angeles, California, for Respondent-Appellee.

## ORDER

This appeal by Optional Capital, Inc. ("Optional") is the latest chapter in bitterly contested litigation that has lasted now for more than a dozen years. We grant the motion of Appellee DAS Corporation ("DAS") to summarily affirm the district court's decision, which correctly recognized that the latest relief sought by Optional was directly contrary to our prior rulings in this case. We also order Optional and its counsel to show cause why they should not be sanctioned under 28 U.S.C. §§ 1912, 1927 and/or Federal Rule of Appellate Procedure 38.

## I

We previously set forth this litigation's complex history in exhaustive detail in our opinion in the most recent prior appeal. *See United States v. DAS Corp.*, 18 F.4th 1032, 1034–39 (9th Cir. 2021). We will not repeat that history here. It suffices for present purposes to provide the following brief summary of the current appeal.

In our prior decision, we rejected Optional's contention that DAS should be held in contempt for allegedly failing to comply with the May 2013 final judgment that was entered in these forfeiture proceedings. *DAS Corp.*, 18 F.4th at 1042–43. Specifically, Optional contended that the district court's 2013 judgment required DAS to deliver to Optional approximately $12.6 million that DAS had obtained in 2011, with the authorization of the Swiss Attorney General's Office, from a "Credit Suisse Account" that was a disputed *res* in the forfeiture proceedings. *Id*. at 1036, 1039. We rejected this contention, holding that "the May 2013 judgment did not address Optional's and DAS's competing rights to the funds DAS had received from the Credit Suisse

Account in 2011," and that, as a result, "DAS did not violate that judgment by failing to turn over those funds to Optional." *Id*. at 1042. As we explained, the record made "quite clear that the district court at the 2013 trial"—which occurred after DAS had already been dismissed from the case—"did not have before it, and did not undertake to decide, the competing claims of DAS and Optional to the $12.6 million that DAS had received from the Credit Suisse Account in 2011." *Id*. Accordingly, when the May 2013 final judgment awarded Optional "all funds" from that account, "the district court unmistakably was referring only to the funds that were at issue at that point in the trial, which did not include the $12.6 million that had previously been transferred to DAS." *Id*. Optional's petition for rehearing en banc was denied, with no judge of this court having requested a vote on the matter. *See United States v. DAS Corp.*, 23 F.4th 1227, 1228 (9th Cir. 2022).

After our decision became final, Optional filed a motion under Federal Rule of Civil Procedure 60(a) to amend the May 2013 judgment to provide that (1) the $12.6 million that DAS had received "is impressed with a constructive trust in favor of Optional" and that (2) "DAS is directed to return that $12,602,824.09, with interest, to Optional's counsel, Rogari Law Firm, forthwith." According to Optional, its rights to the $12.6 million *were* "already determined" in the district court's findings of fact and conclusions of law after the 2013 trial (or, at the very least, those rights followed by "necessary implication" from those findings). Therefore, Optional argued, the May 2013 judgment's failure to specifically award the $12.6 million to Optional was a "scrivener's error" that should now be corrected under Rule 60(a). DAS opposed the motion, arguing, *inter alia*, that the premise of Optional's motion contravened this court's most

recent opinion in 2021.  In reply, Optional asserted that, because DAS had been dismissed from the forfeiture proceedings in 2011, it lacked standing to object to the Rule 60(a) motion and its opposition should be stricken.  The district court denied Optional's 60(a) motion, holding that the arguments on which it was based "ignore[d] significant portions" of this court's 2021 opinion and that granting the relief requested would "contravene[] the law of the case and the rule of mandate."  This timely appeal followed.

After Optional filed its opening brief, DAS filed a motion for summary affirmance, thereby suspending the completion of further merits briefing.  Optional opposed that motion, and in its opposition, Optional moved to strike DAS's motion for lack of standing.  DAS's motion for summary affirmance and Optional's motion to strike DAS's papers have been fully briefed and are now before us for decision.

## II

Optional's motion to strike DAS's papers is denied. Optional's motion is based on the argument that, because DAS was dismissed from the forfeiture proceedings with prejudice in 2011, DAS is not a proper "party" to the matter and is not an "appellee" in this court.  This contention is frivolous.

Prior to its dismissal in 2011, DAS was a formal party to the forfeiture proceedings, and the district court's November 2011 order dismissing DAS from those proceedings rested squarely on the court's ruling that it was "*not going to order DAS to surrender*" the $12.6 million.  *See DAS Corp.*, 18 F.4th at 1037 (emphasis added); *see also id*. at 1041 (explaining that, in dismissing DAS in November 2011, the district court "made clear that it was *not* going to decide"

DAS's and Optional's "competing claims to the $12.6 million that had been transferred to DAS from the Credit Suisse Account"). By its Rule 60(a) motion, and this appeal, Optional seeks to amend the forfeiture proceedings' final judgment to explicitly order DAS deliver the $12.6 million, with interest, to Optional. Optional thus seeks to have the judgment amended "to do what the district court's 2011 order explicitly *refused* to order DAS to do," thereby effectively "reversing" that 2011 ruling, by which "DAS had obtained a significant victory against Optional." *Id*. at 1033–34. Because a final judgment in a matter should be consistent with the "various orders" rendered throughout the proceedings "that merge[] into" it, *id*. at 1042–43, DAS has standing to object to the proposed entry of a subsequent final judgment that in its view does not correctly reflect the court's earlier rulings that finally disposed of the matter *as to DAS*.[1] DAS therefore properly filed an opposition to Optional's Rule 60(a) motion in the district court, and it is properly deemed to be an appellee in this court.

## III

DAS's motion for summary affirmance is granted. We have cautioned that "summary affirmances 'should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality [of the appeal] is manifest from the face of appellant's brief.'" *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (quoting *United States v. Hooton*,

---

[1] At the time of DAS's dismissal from the forfeiture proceedings in November 2011, the district court did *not* enter a partial judgment under Federal Rule of Civil Procedure 54(b). Indeed, when Optional attempted to file an appeal from the district court's order dismissing DAS, we dismissed that appeal "for lack of jurisdiction on the grounds that there was no final judgment in the forfeiture proceedings." *DAS Corp.*, 18 F.4th at 1037.

693 F.2d 857, 858 (9th Cir. 1982)) (alterations made by *Thomas*). That high standard is met here. As the district court correctly recognized, our decision in the prior appeal does not permit the amendment of the judgment that Optional requested in its Rule 60(a) motion.

Rule 60(a) provides that a court "may correct a *clerical mistake or a mistake arising from oversight or omission* whenever one is found in a judgment, order, or other part of the record." *See* FED. R. CIV. P. 60(a) (emphasis added). In view of this narrow language—and in contrast to other portions of Rule 60—Rule 60(a) authorizes only the correction of a "*subset* of mistakes." *Kemp v. United States*, 142 S. Ct. 1856, 1863 (2022) (simplified) (emphasis added). As we have explained, Rule 60(a) is limited to the correction of "blunders" in the drafting of the judgment—that is, the rule is limited to ensuring that the final judgment correctly captures the rulings that the district court *actually* made, and it does not provide an opportunity for the district court to "change[] its mind." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (emphasis omitted). Rule 60(a) thus "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Id*. at 1298 (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)). Optional contends that this narrow standard is met here because a "necessary implication" of the district court's 2013 factual findings is that the same constructive trust that the district court recognized as to certain property in those findings extends to the $12.6 million that DAS received from the Credit Suisse Account. This contention is flatly foreclosed by our prior opinion.

In our prior decision, we exhaustively reviewed the record of these proceedings, and we held that it was "quite clear that *the district court at the 2013 trial did not have before it, and did not undertake to decide,* the competing claims of DAS and Optional to the $12.6 million that DAS had received from the Credit Suisse Account in 2011." *DAS Corp.*, 18 F.4th at 1042 (emphasis added).  The "record" of the district court proceedings, we concluded, made "unambiguously clear that the district court did *not* undertake to decide the parties' competing ownership interests in the $12.6 million." *Id*. at 1041.  Because we held that the competing rights of DAS and Optional to the $12.6 million were not among the matters to be resolved at that trial, nothing about the evidence presented at that trial or the district court's subsequent findings can properly be construed as having decided, by necessary implication or otherwise, those competing rights.  And given that, under our opinion, the district court "unambiguously" did not resolve such matters, it is obvious that the failure of the May 2013 judgment to provide for an award of the $12.6 million *correctly* reflected the district court's rulings, including, in particular, its November 2011 order dismissing DAS.  *See id*. at 1033–34.  In view of the rulings we made in our prior opinion, there was plainly no "oversight" in the May 2013 judgment, and there is nothing in that judgment to "correct" under Rule 60(a).  *See* FED. R. CIV. P. 60(a).**²**

---

² Moreover, as we also explained in our prior decision, DAS was not a participant in the 2013 trial, having been dismissed from the case *precisely* because the remaining proceedings (including any trial) would *not* resolve the competing claims of DAS and Optional to the $12.6 million but only claims concerning the remaining property at issue.  *DAS Corp.*, 18 F.4th at 1037, 1041–42.  Accordingly, we held that any attempt to bind DAS to the results of that trial would "raise[] serious due process

In claiming that the 2013 court trial, by necessary implication, actually decided the very issue that we explicitly held the district court did not decide, Optional has made arguments that are directly contrary to, and squarely foreclosed by, the rulings in our opinion. Those rulings are the law of the case, and the district court correctly held that it was bound to follow them. *See*, *e.g.*, *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) (stating that, under the law of the case doctrine, a district court must follow this court's decisions as to any "issues actually addressed and explicitly or implicitly decided upon in the court's previous disposition"). Optional has provided no non-frivolous ground for departing from those rulings. Based on our prior controlling decision, we summarily affirm the district court's order denying Optional's Rule 60(a) motion.

## IV

In our earlier decision, we also warned Optional that its prior "litigation maneuvers" in this vigorously contested case had already gone "too far." *DAS Corp.*, 18 F.4th at 1033. However, we noted, in mitigation, that DAS had also "behave[d] very badly." *Id*. Despite that admonition, Optional proceeded to make arguments in the district court that flatly defied our prior rulings, prompting the district court to add an additional warning that "any further efforts to relitigate these issues, which have been previously resolved, may be subject to the imposition of sanctions for unreasonably and vexatiously multiplying these proceedings." Nonetheless, Optional filed and pursued this utterly meritless appeal and filed a frivolous motion

---

concerns" and that any judgment purporting to do so would be of doubtful "validity and enforceability." *Id*. at 1042.

contesting DAS's right even to be heard in this appeal. Accordingly, by separate order filed contemporaneously herewith, Optional and its counsel are ordered to show cause why they should not be sanctioned under 28 U.S.C. §§ 1912, 1927 and/or Federal Rule of Appellate Procedure 38. *See McConnell v. Critchlow*, 661 F.2d 116, 118–19 (9th Cir. 1981).

**OPTIONAL'S MOTION TO STRIKE DAS'S PAPERS IS DENIED; DAS'S MOTION FOR SUMMARY AFFIRMANCE IS GRANTED; ORDER TO SHOW CAUSE IS ISSUED BY SEPARATE ORDER.**